PINE MOUNTAIN MICA & ASBESTOS CO. *v.* CARVER, for use, etc.

FISH, C. J. 1. A petition by one who was sheriff at the commencement of certain litigation, and who was subsequently and during its pendency appointed receiver for the property therein involved, was brought for the use of named parties against the defendant in the litigation, praying that the judgment previously rendered therein against the defendant be so opened as to render defendant liable for designated amounts for specified services rendered by the usees as caretakers of the property whilst it was under levy by the petitioner as sheriff, and subsequently during his custody of it as receiver, and also praying that judgment be rendered against the defendant for the amounts alleged to be due the usees for such services. *Held*, that the petition, as a whole, was not subject to demurrer on either of the following grounds, viz.: (1) That no cause of action was set forth against the defendant, nor reason given for reopening or setting aside the verdict and judgment previously rendered against the defendant in the litigation referred to. (2) That the petitioner was not a party to the cause in which the verdict and judgment were rendered and had no right to have the same reopened or set aside for the benefit of the usees. (3) That the judgment was binding upon the parties thereto and upon petitioner in this case and all third parties, "and should not be set aside on the grounds set forth in the case."

2. There was no abuse of discretion by the court in overruling the motion for a continuance, made by counsel for defendant, on the ground of surprise on account of the allowance of the amendment to the petition, the only reason stated by counsel why he was less prepared for trial after the allowance of the amendment being, that his clients, who were non-residents, were absent and that he needed their testimony in view of the amendment, and could prove by them that the services in question were not worth more than one dollar per day, it appearing that the services were alleged to be worth two dollars per day in the petition which had been filed and served prior to the term of court next preceding that at which the amendment was allowed.

3. The judgment rendered in behalf of the petitioner for such usees against the defendant, for the value of the services performed by the usees as caretakers as set forth in the petition, was not erroneous for any of the reasons assigned, viz.: (1) Because the verdict and judgment rendered against the defendant in the original litigation fixed the amount of recovery for sheriff's and receiver's fees, and under the evidence no reason was shown why said verdict and judgment could or should be reopened. or set aside. (2) Because the petition "was to reopen said verdict and judgment so that the amount due said plaintiffs could be retaxed therein and made part of said verdict and judgment," the verdict having been by consent. (3) Because a verdict can not be reopened except by motion for a new trial, and the judge has no authority to set aside a verdict at a subsequent term, enlarging the sum to be paid by the defendant, and there is no law allowing new parties to intervene and to have additional sums taxed against the defendant after the term at which the verdict and judgment were rendered. (4) Because "said order of the court . . does not purport to reopen said verdict or [former] judgment, nor to set aside said verdict or judgment; that such order of the court only purports to be in the nature of a supplemental decree awarding to parties who were not original parties to the verdict and judgment in the original case, but parties having a claim against the defendant company, and said order only purports to be the decree that said usees have a claim against said defendant company, and proceeds to award judgment in their favor against said defendant company without undertaking to set aside the original verdict in said original case, nor to amend the verdict in said original case, but only purports. to issue a new judgment on said petition to reopen verdict, and to award a new and independent judgment against said defendant company, and to order execution to issue for the same, together with costs." (5) Because the petition raised issues of fact which should have been submitted to a jury, and "the court had no jurisdiction to entertain said petition, and no authority of law to hear said case without the intervention of a jury, and to award said judgment for said plaintiff against said defendant." (6) Because petitioner had no right to bring suit for the use of others, and there is no law for one to recover costs for the use of others. (7) "Because . . the court before proceeding would have had to pass an order setting aside said verdict and . . judgment and reopening both said verdict and judgment and submitting them to a jury, or in reopening said verdict and judgment to have.

entered a new judgment in said case, and there is no provision of law for a supplemental judgment in favor of new parties against defendant."

4. Points referred to in the brief of counsel for plaintiff in error, but not raised by any assignment of error, can not be considered.

*Judgment affirmed. All the Justices concur.*

FEBRUARY 17, 1910.

Equitable petition. Before Judge Kimsey. Rabun superior court. September 3, 1908.

*R. E. A. Hamby* and *H. H. Dean,* for plaintiff in error.