## 12162.　EVANS *v.* KENT.

STEPHENS, J. 1. A charge of the court on a non-existing contention of the prevailing party to a suit will, when harmful to the losing party, demand a new trial. Where, in a suit growing out of a collision between two automobiles, the plaintiff contends that the defendant was negligent in being upon the defendant's left side of the road, and this is denied by the defendant, a charge stating that the defendant contends that he drove his car over to his left side of the road because of the wrongful act of the plaintiff in driving his car upon his left side of the road, and that if the defendant was on his left side of the road to prevent an accident, because he saw that the plaintiff was not taking the proper side of the road, and the accident was thereby caused, the plaintiff would not be entitled to recover, was not adjusted to any theory of the case, and, when taken in connection with the entire charge and the evidence, was harmful

to the plaintiff, and was calculated to influence the verdict, which was rendered for the defendant against the plaintiff, finding the latter liable to the defendant on a counter-claim based upon the alleged negligence on the part of the plaintiff as the proximate cause of damage sustained by the defendant.

2. Evidence of a witness who did not see the collision, but who testified that from an examination of automobile tracks which he afterwards found in the road, if the plaintiff's car had not turned to the left, it would not have been hit by the defendant's car, should have been excluded as being a mere conclusion of the witness without a sufficient basis of fact to rest upon, and, in this particular case, as being harmful to the plaintiff.

3. The theory of an unavoidable accident not being involved, a failure to charge thereon was not error.

4. The court properly charged the jury that certain acts of negligence in operating an automobile along a public highway which were prohibited by statute constituted negligence per se, and therefore there was no error in the excerpt from the charge which instructed the jury that it was for them to determine if the acts and conduct set out in the petition constituted negligence on the part of the defendant.

5. Upon a new trial there should be a charge as to the burden of proof resting upon each party as to his respective claim for damages, and also a charge upon the law of contributory and comparative negligence as applied to each party.

6. The other assignments of error in the motion for a new trial are not passed upon as they are not likely to arise upon another hearing of the case.

7. The court erred in overruling the plaintiff's motion for a new trial.

*Judgment reversed. Jenkins, P. J., and Hill, J., concur.*

DECIDED FEBRUARY 10, 1922.

Complaint; from Glascock superior court — Judge Walker. December 30, 1920.

*J. C. Newsome, M. C. Barwick,* for plaintiff.

*M. L. Felts,* for defendant.