14231.   GEORGIA RAILWAY & POWER CO. *v.* BRITT.

Erroneous instructions by the court to the jury as to the rule of law on a material issue in the case are cause for a new trial, although the correct rule be given in another part of the charge, unless the judge calls attention to the erroneous instructions and specifically withdraws them, or unless "it can with perfect safety and fairness be said that the jury were not misled to the injury of the complaining party."

The court erred in overruling the motion for a new trial.

DECIDED OCTOBER 4, 1923.

Action for damages; from DeKalb superior court—Judge Hutcheson. November 25, 1922.

*Colquitt & Conyers,* for plaintiff in error.

*Branch & Howard,* contra.

BLOODWORTH, J. A. C. Britt sued the Georgia Railway & Power Company for damages on account of personal injuries. Upon the trial of the case a verdict for the plaintiff was rendered, a motion for a new trial was filed by the defendant, which, after amendment, was overruled, and the defendant excepted.

The 17th ground of the amendment to the motion for a new trial alleges that the court erred in charging the jury as follows: "One method by which you could ascertain this would be to determine from the evidence the probable expectancy of the plaintiff from this time, and to ascertain from the evidence the annual earning capacity of the plaintiff,—that is, seek honestly to reach a just conclusion from the facts before you, as to what amount should be regarded as fairly representing his yearly income from his own labor to the end of his life, if he had not been injured, giving due weight to the contingencies that will be pointed out to

you; and having from the evidence fixed as accurately and fairly as you can upon the number of dollars representing the yearly earnings of the plaintiff, and having ascertained from the evidence his expectancy (that is, the number of years which he probably would live), you could, by multiplying one of these numbers by the other, determine approximately what would be the gross amount of the earnings of his whole lifetime, of course keeping in view that you should reduce it to its present cash value, as I have heretofore stated to you." This charge was alleged to be error, "for that the same was (a) an instruction that the whole earning capacity of the plaintiff was destroyed; (b) for that the same was an intimation on the part of the court that the whole earning capacity of the plaintiff was destroyed, and that plaintiff could recover for the entire destruction of his earning capacity in this case; (c) for that said instruction was in violation of the law as contained in code section 4863, in that it was an expression or intimation on the part of the court that plaintiff's whole earning capacity had been destroyed."

Under this charge the jury would have been authorized to return a verdict for the *gross* amount of the earnings of the plaintiff for his whole life, reduced to its present cash value, notwithstanding the fact that the petition alleges that the earning capacity of the plaintiff "will be diminished at least two thirds as a result of the condition in which he has been left from his injuries;" and the evidence shows that the plaintiff has worked and earned money since the injury. Under the ruling in *Central of Ga. Ry Co.* v. *Johnson,* 106 *Ga.* 130 (4) (32 S. E. 78), the foregoing excerpt from the instructions given to the jury is error requiring the grant of a new trial. In that case Justice Lewis said: "It clearly appears from the record in the case that the earning capacity of the defendant in error was not totally destroyed by the injuries he received. He himself admitted upon the stand that he had pursued the practice of his profession to some extent after receiving these injuries, and had made some money in his business, specifying the amount. Indeed, it was not contended by his counsel that there was any testimony in the record from which it could be inferred that the ability of the defendant in error to pursue his regular occupation to some extent, and to earn money in such pursuit, had been entirely destroyed. In the charge of the court

complained of, the jury were, in effect, instructed that they could take, as a basis of a recovery for any financial loss which the plaintiff below may have sustained, what his earnings will or would be for the length of time he is expected to live, and after ascertaining such amount, they should then reduce it to its present value. It was manifest error, inasmuch as the language used gave the jury the latitude of basing their finding of damages upon the entire earnings of the plaintiff, instead of upon the difference between what his earnings would be after the injury and what they would have been had he not been hurt. It was contended, however, by counsel for defendant in error, that in other portions of the charge the court fairly and fully instructed the jury on this subject, and that, considering the charge complained of in connection with the entire charge upon the subject, the jury could not have been misled by the instructions given them. It is true, as contended, that the judge did, in another portion of the charge, correctly state the law on this particular point. The charge complained of, however, was not given in the same connection. After instructing the jury fully upon the measure of damages, the court proceeded to give them at considerable length the rules of law in regard to pleadings, degree of diligence railroad companies should exercise in such cases, rules of evidence, and other matters not directly connected with the subject relating to the measure of damages in this particular case. The judge then, at the conclusion of his charge, again adverted to this subject relating to the measure of damages, instructing the jury that they should find what the plaintiff's earnings will or would be for the length of time that he was expected to live, and to reduce that amount to its present value. We think the language used was calculated to leave upon the minds of the jury an erroneous impression as to what rule should govern them in reference to this very important issue on trial; and coming, as it did, at the conclusion of the charge, and being the last impression received from the court, it might have supplanted the correct ideas the jury may have at first entertained from previous portions of the court's language. *This court has repeatedly held that where an erroneous rule of law is given to the jury on a material issue in a case, a new trial will be granted, notwithstanding the correct rule may have been announced in other portions of the charge.* (Italics ours.) *Georgia R. Co.* v. *Hicks,*

95 *Ga.* 301; *Powell* v. *State,* 101 *Ga.* 11 (6); *Port Royal & W. C. Ry. Co.* v. *Davis,* 103 *Ga.* 579. It does not follow, however, that because one portion of the charge is totally repugnant to another, even on a material point, such a mistake on the part of the court will necessarily be reversible error. If, for instance, the verdict rendered by the jury was demanded by the evidence, a new trial will not ordinarily be granted, regardless of errors of law committed. Or if the verdict was for such an amount as to clearly indicate upon its face that the jury must have applied the correct rule laid down by the court, and not the erroneous rule, it would be at once concluded that the error worked no harm to the plaintiff in error. The real question seems to be whether or not, on account of such conflicts or inconsistencies in the instructions of the court upon vital issues in a case, it can with perfect safety and fairness be said that the jury were not misled to the injury of the complaining party. Applying this doctrine to the case at bar, we think there was error in overruling this ground of the motion for a new trial. The verdict found by the jury was certainly not demanded by the evidence; nor was there anything in the amount of the finding to indicate or to authorize the inference that they did not apply the erroneous instead of the correct rule on the subject of the financial damages which the defendant in error has sustained; for, if the last rule on this subject laid down by the court had been adopted by the jury, the most favorable view of the evidence that could be taken indicates that they nevertheless found, in addition to such damages, several thousand dollars for pain and suffering. We do not mean to intimate that the verdict in this case was contrary to evidence, or that it was so excessive as to authorize this court to infer bias and prejudice in the minds of the jury either against the plaintiff in error or for the defendant in error." See *Atlantic Coast Line R. Co.* v. *Andrews,* 20 *Ga. App.* 605 (93 S. E. 261); *Chattanooga Railroad Co.* v. *Owens,* 90 *Ga.* 266 (8), 281 (8) (15 S. E. 853); *Morris* v. *Warlick,* 118 *Ga.* 423 (45 S. E. 407); *Savannah Electric Co.* v. *McClelland,* 128 *Ga.* 87 (2) (57 S. E. 92). In the opinion in the last-named case (p. 89) Justice Beck said: "Juries should not be left to reconcile conflicting principles of law; nor are they supposed to be able to eliminate errors in the charge, even with the aid of a correct statement of the law preceding or following the erroneous instruction, when

their attention is not directed to the conflict between the erroneous and the correct rule, and they are not instructed as to which of the two conflicting principles should be disregarded and which should be observed and applied. *Morrison* v. *Dickey,* 119 *Ga.* 698." In the case we are now considering we are not prepared to say "with perfect safety and fairness" that the jury were not misled to the injury of the complaining party by the charge of which complaint is made.

As a new trial will result from the foregoing ruling, and as the questions raised by the other assignments of error are not likely to recur when the case is again tried, it is unnecessary to consider them.

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*