## 15414. STRANGE *v.* BOATRIGHT.

"The jury can not be expected to select one part of a charge to the exclusion of another, nor to decide between conflicts therein, nor to determine whether one part cures a previous error, without having their attention called specially thereto, and being instructed accordingly." *Morrison* v. *Dickey,* 119 *Ga.* 698 (2) (46 S. E. 863) ; *S., F. & W. Ry. Co.* v. *Hatcher,* 118 *Ga.* 273 (45 S. E. 239) ; *Bennett* v. *Atlantic Coast*

*Line R. Co.*, 126 *Ga.* 411 (1) (55 S. E. 177); *Western & Atlantic R. Co.* v. *Sellers*, 15 *Ga. App.* 369 (1) (83 S. E. 445). Grounds 8 and 10 of the amendment to the motion for a new trial, complaining of the charge of the court, are controlled by the decisions cited, and the judgment overruling the motion is reversed on those grounds.

DECIDED NOVEMBER 14, 1924.

Distraint; from city court of Swainsboro—Judge Kirkland. January 18, 1924.

*I. W. Rountree,* for plaintiff in error.

*J. Alex. Smith & Sons, Arthur W. Jordan,* contra.

LUKE, J. Mrs. Boatright sued out a distress warrant for rent against her tenant, Strange, for $615.50. By his counter-affidavit the defendant set up substantially the following defense: He leased the rented premises for the years 1918, 1919, 1920, 1921, and 1922, for $1000 annual rental; said lease being a renewal of, and having the same provisions as, a previous five-year lease of the same premises. In the year 1918 plaintiff and defendant had a complete settlement for rent up to and including the year 1918, and on January 1, 1919, neither owed the other anything. In 1921 the plaintiff, through her husband as agent, contended that rent for the year 1920 had not been paid. The defendant paid the rent for 1921 in two payments, one of $200 on August 31, and the other of $800 on October 3, of that year. Being unable to find his receipt for 1920 rent, the defendant, on November 26, 1921, paid the defendant $400 upon the distinct understanding and agreement that the plaintiff would repay said sum if the defendant could later show payment of rent for 1920. Afterwards the defendant did find that he had, on October 16, 1920, paid plaintiff by check $1000 for rent for 1920. Under said rental contract the defendant was to make needed repairs on the rented premises, and the plaintiff was to furnish all necessary material for so doing. At plaintiff's instance and request, defendant himself paid for said material $490.30. Defendant owed plaintiff no rent, but, on the contrary, plaintiff owed defendant $890.30, made up of said $400, which has never been returned to defendant as agreed, and the $490.30 expended by defendant for material for making repairs. The defendant's evidence tended to substantiate his version of the transaction, while the plaintiff's evidence tended to show that the $200 and $800 paid in the fall of 1921 were due and owing for some back year, and that defendant was indebted to her for 1921

rent less the $400 payment made to her. There was sharp conflict as to the item for repairs. On September 1, 1923, the jury found a verdict for plaintiff, for $85.30, and the court entered up a judgment for that amount, with future interest and costs. From this verdict, it would be reasonable to conclude that the jury found that defendant owed rent for 1921, less the $400 credit admitted by plaintiff and the $490.30 claim for repair material; in other words, that the defendant owed the amount he was sued for, but should be credited with his repair bill. Just how they arrived at the amount of the verdict we are unable to say, unless they allowed interest on the account for materials. But however this may be, we leave that as the jury's business. The length of time covered by the transactions involved in this case, the indefiniteness of much of the evidence, and the sharp conflict in the testimony, all make this peculiarly a matter for the jury to unravel, and we do not deem it proper for us to impeach the jury's finding by sustaining any of the general grounds of the motion for a new trial.

There were eleven grounds of exception to the charge of the court. Many of them were without merit. Some of the excerpts criticised, though somewhat confused and inaccurate, were not harmful to the defendant, and, therefore, not reversible error. We think, however, that the following excerpt from the charge of the court was reversible error: "If you should find there was no back rent due, as I have charged you, then, of course, she would be entitled to recover $615.59 and interest thereon, as I have already instructed you, as rent for the year 1921." This was alleged to be "an erroneous and misleading statement of the law as applicable to the facts, because under the contentions and pleadings of both parties, if there was no back rent due by movant, the verdict could only be for the defendant, or for the defendant for some amount against plaintiff. But the court charged that if there was no back rent due by Strange, the jury would be entitled to find for the plaintiff $615.59." This charge was alleged to be especially harmful and prejudicial "because, as hereinafter set out in paragraph 10, said statement was repeated in said charge." It is unnecessary to cumber the case with a recitation of the excerpt complained of in ground 10. It did contain practically the same language above quoted, and a similar exception was taken to it. Patently, if there was no back rent due as claimed by plaintiff,

the payment by defendant to plaintiff of $1000 in the fall of 1921 could not have been applied to the payment of back rent, and the plaintiff would not have been entitled to recover $615.59. Let it be granted that other portions of the charge contained accurate rules for plaintiff's recovery, should she be entitled to a recovery, yet we can not escape the conclusion that the inherent error in the excerpt quoted above might have been harmful to the defendant, especially when it was repeated.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*