17582.　GEORGIA RAILWAY AND POWER COMPANY *v.* McELROY *et al.*

Since the verdict must be set aside because of error in the charge of the court, the alleged excessiveness of the verdict for damages is not passed upon.

The charge of the court was erroneous in that part in which the jury were instructed that if they believed that the alleged negligence was the cause of the decedent's death, "and that the decedent could not, by the use of ordinary care, have avoided the consequence of that negligence after it was discovered, . . the plaintiff would be entitled to recover in this case, unless barred of recovery by some rule that" would thereafter be given in charge; since this instruction absolved the decedent from the duty of exercising ordinary care until after the actual discovery of the defendant's negligence, even though, under the evidence, it might possibly have been found that it could have been ascertained, and its consequences avoided, by the exercise of ordinary care. The error was not corrected by other instructions given.

DECIDED NOVEMBER 15, 1926.

Damages; from Fulton superior court—Judge Pomeroy. May 24, 1926.

*Colquitt & Conyers,* for plaintiff in error.

*Reuben R. & Lowry Arnold, B. P. Gambrell,* contra.

JENKINS, P. J.　McElroy, for himself, and as next friend for four minor children, brought action for the homicide of the wife and mother, who was killed by the operation of a street-car at a street-crossing in the City of Atlanta, and he recovered the sum of $22,500. Exception is taken to the overruling of the defendant's motion for a new trial, based on the ground that the verdict is excessive in amount, and upon alleged errors in the charge of the court.

1.　Under the allegations of the petition and the testimony

---

Appeal and Error, 4 C. J. p. 650, n. 37; p. 1050, n. 85.

Negligence, 29 Cyc. p. 515, n. 1; p. 652, n. 11; p. 654, n. 25 New.

Street Railroads, 36 Cyc. p. 1611, n. 63, 64; p. 1622, n. 26.

Trial, 38 Cyc. p. 1598, n. 26 New; p. 1691, n. 51; p. 1692, n. 52; p. 1784, n. 87.

of the plaintiff, McElroy, in estimating the value of the decedent's services, the amount of the recovery is large, but since the verdict must be set aside on account of an error in the charge of the court, the ground of exception based upon the alleged excessiveness of the verdict is not passed upon, and the amount of the verdict, under the pleadings and the evidence submitted, is taken into consideration only in dealing with the alleged error in the charge. See, in this connection, *Seaboard Air-Line Ry.* v. *Miller,* 5 *Ga. App.* 402, 406 (63 S. E. 299).

2. The court charged the jury as follows: "If the jury believes from the evidence that the decedent, Mrs. McElroy, was the wife of the plaintiff, Frank McElroy, and the mother of the minor children named in the petition, and that on the day named in the petition, while crossing Grant street in the City of Atlanta, Fulton county, Georgia, at the intersection of Milledge avenue, she was run upon and killed by a street-car manned and operated by the defendant's servants and agents, and if you believe the defendant was negligent in so causing said collision in some one or more of the particulars described in the petition, and that such negligence was the cause of the death of the decedent, and that the decedent could not, by the use of ordinary care, have avoided the consequence of that negligence after it was discovered, then I charge you that the plaintiff would be entitled to recover in this case, unless barred of recovery by some rule that will hereafter be given you in charge." Exception is taken to this excerpt from the charge, on the ground that the bar to the plaintiff's recovery on account of the failure of the decedent to exercise ordinary care to avoid the consequences of the defendant's negligence was thereby limited to a time after the negligence of the defendant had been actually discovered.

Section 4426 of the Civil Code provides as follows: "If the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover." Where the pleadings and the evidence make an issue as to the plaintiff's diligence and the defendant's negligence, it is error for the court to omit an instruction to the jury embodying the principle expressed in the code-section quoted, even in the absence of any request to do so. *Atlanta, Knoxville & Northern Ry. Co.* v. *Gardner,* 122 *Ga.* 82 (7) (49 S. E. 818) ; *Southern Ry.*

*Co.* v. *Gore,* 128 *Ga.* 627 (58 S. E. 180). The rule of law em-
bodied in this comprehensive section of the code has many times
been construed by the appellate courts, and in the case of *Western
& Atlantic Railroad Co.* v. *Ferguson,* 113 *Ga.* 708 (39 S. E. 306,
54 L. R. A. 802), it was held that "the duty imposed by law
upon all persons to exercise ordinary care to avoid the consequences
of another's negligence does not arise until the negligence of such
other is existing, and is either apparent, or the circumstances
are such that an ordinarily prudent person would have reason to
apprehend its existence." Thus, while in view of the issues in-
volved it was the duty of the court to give in charge the principle
embodied in the quoted code-section, it was error to limit the mean-
ing of the rule so as to require the decedent to exercise ordinary
care to avoid the consequences of the defendant's negligence only
after it had been discovered, since the rule of the code-section, as
thus construed, made it incumbent upon the decedent to exercise
such diligence, whether the defendant's negligence was actually dis-
covered or not, whenever it was either apparent or the circum-
stances were such that an ordinarily prudent person would have
reason to apprehend its existence.

  (*a*)  It is contended that the most that can be said in criticism
of the excerpt from the charge complained of is that it is incom-
plete, but that it is a correct statement of the law so far as it
goes, and that since a judge can not be expected to charge in one
breath all the law of the case, the excerpt, even if incomplete, can
not be accounted as reversible error. It is well settled that while
a charge embracing an abstractly correct and pertinent principle
of law, complete within itself, is not rendered erroneous by a fail-
ure to charge, in connection therewith, some other legal principle
applicable to the case, this rule has no application where the charge
as given, on account of its incompleteness, is thereby rendered
inherently incorrect. *Brown* v. *Meikleham,* 34 *Ga. App.* 207 (128
S. E. 918). "When a judge undertakes to charge the law upon
any subject, he must charge all of it upon that subject that is
material and applicable to the case." *Hinson* v. *Hooks,* 28 *Ga.
App.* 430 (108 S. E. 822). The charge was inherently erroneous,
in that it absolved the decedent from the duty of exercising
ordinary care until after the actual discovery of the defendant's
negligence, even though, under the evidence, it might possibly

have been found that it could have been ascertained, and its con-
sequences avoided, by the exercise of ordinary care.

(b)   It is further contended that this part of the charge, even
if erroneous, was elsewhere corrected. While the judge, a little
further in his charge, but after a break in the connection, did·in-
struct the jury, in the comprehensive language of the code-section,
that the plaintiff could not recover if the decedent by the exercise
of ordinary care could have avoided the consequences to herself
caused by the defendant's negligence, the general rule as thus
stated must necessarily have been considered by the jury in the
light of its previous explanation.   The court having failed to
withdraw expressly the erroneous construction, or to give, in the
same connection, the correct interpretation, so that, construing
such instruction as a whole, the error might be thus taken as
eliminated, the error can not be taken as having been corrected.
*White* v. *State,* 24 *Ga. App.* 122, 126 (100 S. E. 9) ; *Henderson* v.
*Cook,* 27 *Ga. App.* 512 (2) (108 S. E. 904) ; *Georgia Ry. & Power
Co*: v. *Britt,* 31 *Ga. App.* 54 (119 S. E. 460). Moreover, nowhere,
in any portion of the charge, was the jury instructed that the duty
of the decedent to exercise ordinary care to avoid the consequences
of defendant's negligence arose when such negligence became ap-
parent, or when the circumstances were such that an ordinarily
prudent person would have reason to apprehend its existence.

(c)   It is further contended that the charge complained of,
even if erroneous, could not have prejudiced the rights of the de-
fendant, for the reason that the evidence does not authorize a find-
ing that the decedent by the exercise of ordinary care could have
avoided the consequences of the defendant's negligence after it had
or should have become known to her.   The negligence alleged is
that after the car had stopped and just as the decedent got upon
the track, and while she was in plain view of the motorman, the
motorman suddenly, negligently, and violently, and without any
warning, started the car and caused it to strike against the de-
cedent.   The evidence was in conflict as to whether the car stopped
at the crossing at all or not, but there was evidence for the plain-
tiff that the car did stop, and that the decedent then undertook to
cross the street at a point about three feet in front of the car, and
that the car started up grade at a very low rate of speed, about two
or three miles per hour, while the decedent was on the middle of

the track.  It was possible for the jury to have believed that the decedent, by moving a very short distance after the car started, might have gotten completely across the track before the car reached her, and that under the rule of ordinary care it was incumbent upon her to have done so.  In order to say that the charge excepted to was harmless, it would be necessary for this court to hold, as a matter of law, that it would have been impossible for the decedent, by the exercise of ordinary care, to have avoided the consequences of the alleged negligence of the defendant after it had or should have become known.  As has often been held by the appellate courts, questions of negligence, contributory negligence, as well as what constitutes the proximate cause of an injury, are matters peculiarly for determination by the jury; and we do not feel authorized to hold, especially in view of the size of the verdict, as indicated in the first division of the decision, that it was impossible for the decedent, by the exercise of ordinary diligence, to have avoided the consequences of the defendant's negligence, if it was negligence, after such negligence had been or should have been discovered.

3.  The remaining grounds of the motion for new trial relate to exceptions taken to certain language employed by the court in the charge.  Since the verdict must be set aside, and the errors thus complained of are such as are not likely to arise on a subsequent trial, it is not necessary that they be passed upon.

*Judgment reversed.  Stephens and Bell, JJ., concur.*