## PRICE *v.* THE STATE.

No. 7587.  MARCH 18, 1930.

*Paul L. Lindsay,* for plaintiff in error.

*John A. Boykin,* solicitor-general, *E. A. Stephens,* and *J. W. LeCraw,* contra.

HILL, J. ·Clarence Price was found guilty of murder, with recommendation to the mercy of the court, and was sentenced to the penitentiary for life. He made a motion for new trial on the general grounds and on three special grounds. The motion was overruled, and he excepted.

The motion for new trial contains statements of fact, and it is argued that the grounds of the motion have not been approved by the trial judge. The order of the trial judge is as follows: "It is ordered that these, the within amended grounds of motion for new trial in this case, be allowed filed and made a part of this record." It was held by this court: "Though the amendment to the motion for new trial was 'allowed,' it does not appear that the trial judge approved or certified its grounds as true. The assignments of error therein can not be considered." *Bradley* v. *State,* 121 *Ga.* 162 (48 S. E. 904), and cit. In *Pollard* v. *State,* 125 *Ga.* 270 (54 S. E. 171), it was held: "An amendment to a motion for new trial, which has upon it an entry to the effect that it was 'allowed' by the judge, with nothing else to indicate an approval of its grounds, is not sufficiently verified to authorize this court to deal with the assignments of error therein," citing previous decisions. Since those cases were decided the legislature of this State in 1911 (Ga. L 1911, p. 149) provided that "Where the judge has finally passed on the merits of a motion for a new trial and the parties have raised no question as to the sufficiency of the approval of the grounds of such motion, or of the approval of the brief of evidence, or of the filing of such motion or brief, or of the

jurisdiction of the judge to entertain the motion at the time he did, if the parties acquiesce in his entertaining it at that time, no question as to these matters shall be entertained by the reviewing courts unless first raised and insisted on before the trial judge." Therefore this court⁶ is constrained to hold that the want of approval of the grounds of the motion for new trial have been waived, and this court will consider those grounds upon their merits.

■ Other headnotes require no elaboration.

■ The evidence authorized the verdict, and the trial court did not err in refusing a new trial.

*Judgment affirmed. All the Justices concur, except Russell, C. J., who dissents.*