22508. GEORGIA POWER COMPANY v. CARSON et al.

STEPHENS, J. 1. On the trial of an issue arising out of a proceeding instituted by an electric-power company, having the power of eminent domain, to condemn an easement in another's land which would give the power company the right to back water from a dam upon a portion of a tract of land belonging to the condemnee, where the only issue presented under the pleadings and the evidence was the value of the easement and the consequential damage to the remaining portion of the tract, and the court, in the charge to the jury, submitted this issue only, and the condemnee asserted no claim for remote or speculative damages, and the only possible evidence as to such damage was that the remaining portion of the tract would be in an unhealthy condition after water had been backed upon the land, and where the court instructed the jury that in estimating damages to the condemnee's land there could be no recovery for the unhealthy condition of the land, it was not error to fail to instruct the jury that they should not consider evidence as to remote or speculative damages. The charge given was not error in that it excluded a recovery for remote or speculative damages arising solely from unhealthy conditions, and failed to instruct the jury that they should not consider evidence concerning remote or speculative damages.

2. Where the condemnor sought to acquire an easement in the condemnee's land for the purpose of backing water from a dam upon the land, which would not interfere with the right of the condemnee to use the land when water was not backed upon it, a charge of the court which referred to the condemnor's acquisition of the easement in a portion of the land as a "taking" of this land, was not error and prejudicial to the condemnor in that the jury were instructed that in arriving at consequential damages they might consider that the portion of the land on which the easement was condemned had been condemned and taken by the condemnor, rather than that the condemnor had acquired only an easement in this land. The court in the charge clearly instructed the jury that the condemnor was condemning only an easement in the portion of the land, and not a fee-simple title thereto.

3. There being no evidence as to any consequential benefits to the condemnee resulting from a condemnation of an easement in a portion of the land, it was not error for the court to fail to instruct the jury as to what constituted consequential benefits.

4. In arriving at the value of land taken under condemnation proceedings, its prospective value for any purpose may be considered. *Central Georgia Power Co.* v. *Mays*, 137 *Ga.* 120 (72 S. E. 900); *Central Georgia Power Co.* v. *Stone*, 139 *Ga.* 416 (77 S. E. 565); *Harrison* v. *Young*, 9 *Ga.* 359; *Young* v. *Harrison*, 17 *Ga.* 30. It was therefore not error to admit evidence that the condemnee's land, and other land adjoining it which did not belong to the condemnee but which did belong to the condemnor, when taken together, had a value for a specific purpose, namely that the entire tract formed a reservoir from which 60,000 horse-power of electricity could be developed. This evidence does not tend to establish the proportionate value of the condemnee's land to the entire tract formed by it and the adjoining land of the condemnor after the condemnor has constructed prospective improvements upon the entire tract, and which, as was held in *Central Georgia Power Co.* v. *Stone*, supra, was an improper basis for the estimate of the value of the condemnee's land. It was also not error to admit testimony as to the depth of the lake formed by the water after it had ponded upon the property of the condemnee in which the easement was condemned.

5. Testimony of the condemnee, given in response to a question as to his opinion of the market value of the land in which the easement was condemned if he was not compelled to sell and the condemnor was not compelled to buy, that he considered the land worth $100 an acre, was not inadmissible as being evidence as to what the land was worth to *him* and not its market value. The testimony amounted to no more than the witness's opinion as to the market value of the land.

6. The evidence authorized the verdict for the condemnee, and no error of law appears.

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED FEBRUARY 24, 1932.

*Colquitt, Parker, Troutman & Arkwright, Frank W. Bell, Roberts & Roberts, Sibley & Allen,* for plaintiff.

*Sam Kimzey, Marion Ennis, Carlisle Giles,* for defendants.