HOLLOMON *v.* HUMBER, clerk, *et al.*

No. 10604.   MARCH 13, 1935.

472

*Felton & Felton,* for plaintiff.
*R. S. Wimberly,* for defendants.

GILBERT, Justice.  The main contention of the plaintiff in error is that the right to a set-off of the two judgments in the total amounts, including costs, is independent of the claim of an officer for costs included in the first judgment, Hopson *v.* Hollomon, and that the set-off should be made even though the effect be to extinguish the liens of court officers.  We are cited to several cases in this court, in which a set-off has been upheld, notwithstanding the fact that lawyers' liens were thereby extinguished; but we do not regard the situations as analogous with the present case.  Court officers labor under certain restrictions as to the collection of their fees.  The fees can not be demanded in advance, except in a few specified cases.  The officers must await the outcome of the trial. But they are compensated with a statutory lien which comes into existence as an absolute right, not a mere dormant or conditional right, even before it is determined in a given case whether the plain-

tiff or the defendant shall recover. Section 24-3409 of the Code of 1933 provides: "The manner of collecting costs in all civil cases in any of the courts, except as otherwise provided by law, shall be as follows: The several officers of court are hereby prohibited from demanding the costs in any civil case, or any part thereof, until after judgment in the same, except as provided in the case of non-resident plaintiffs and attorneys, and in suits for divorce." Section 24-3410 provides: "When a case is disposed of, the costs, including fees of witnesses, shall be included in the judgment against the party dismissing, being nonsuited, or cast; and it shall be the duty of the clerk of any court, and of any justice of the peace, or other officer who may issue an execution, to indorse on said execution, at the time it is issued, the date and amount of the judgment, the items of the bill of costs (written in words), and the amount of each item distinctly stated in figures; and no costs, or items of costs, shall in any case be demanded by any such officer, which are not itemized and indorsed as herein provided." Though it is not determined until after verdict who is to pay the fees, the officers have become entitled to them before the rendition of the verdict. The situation was picturesquely described by Judge Russell, now Chief Justice of this court, in *Wellmaker* v. *Terrell, 3 Ga. App.* 791, 795 (60 S. E. 464), as follows: "It [the cost] is, in one sense, an inseparable attendant of both parties until the cause is ended, but it *hovers* [italics ours] over both parties and does not attach itself to either until it is affixed upon the one or the other by the judgment of the court, and thus becomes permanently domiciled. . . If collectible, the costs are payable to the officer, no matter which party prevails." For convenience the costs are included in the amount that the plaintiff is to collect, if he prevails in his suit, not as any premium or bonus for establishing his right against his adversary, but on the theory that if he pays the costs he will be entitled to call upon the defendant to reimburse him, or that the plaintiff shall collect them for the officers. It can not be seriously contended that, if the defendant pays the costs to the officers, the taxing of costs in the judgment would authorize the plaintiff to demand that the defendant also pay him the amount of the costs.

As illustrating that the plaintiff is entitled to collect costs, as a successful party, only on the assumption that he has paid them to the officers of court, the decision in *Greer* v. *Whitley, 135 Ga. 333*

(69 S. E. 479), is illuminating. In that case the cost due the clerk of court for a transcript of the record for use on appeal was $730.56. After the decision in this court, the successful party paid the clerk $500 as an agreed settlement of the costs, and sought to have the clerk issue an execution against the other party for the full amount of $730.56. Upon refusal of the clerk to insert any greater amount than he had been paid, mandamus was sought. The headnote of the case is: "Where the clerk of a superior court issued against the plaintiffs in error in a case pending in this court an execution for the amount of costs due the clerk for transcript of record of the case, and accepted from them, in full settlement, an amount less than that due and for which execution had been issued, after a reversal by this court of the judgment excepted to, the plaintiffs in error were not entitled to a writ of mandamus to compel the clerk to issue execution against the defendant in error for an amount of such costs greater than the amount they actually paid." And as to set-off: "To authorize a set-off of costs, it is essential that they should have been actually paid; no right to set-off exists unless payment is shown." 15 C. J. 315, § 784. See also Black v. Kirkland Seed Co., 163 S. C. 222 (161 S. E. 489, 491), and cit. The plaintiff in error urges, as a reason for set-off with extinguishment of officers' fees, the fact that the statute gives a right of set-off of two judgments. The answer is that the officers are also given a statutory right to their costs, and that that right was not merely dormant but had become fixed when the right to set off the judgments was asserted. A court of equity must necessarily consider priorities, and the case in which the set-off was allowed was one in equity. Not only was the set-off of judgments sought, but the petitioner had prayed that a levy and sale be enjoined in connection with the judgment obtained against him by Hopson. The set-off judgment, therefore, which the officers sought to have modified had been rendered by a court which has broad powers, and was not only able to modify its judgment but could act, and should act, so that the rights of other interested parties would not be destroyed. "The authorities all hold that a court has plenary control of its judgments, orders, and decrees during the term at which they are rendered, and may amend, correct, modify, or supplement them, for cause appearing, or may, to promote justice, revise, supervise, revoke, or vacate them, as may in their discretion seem necessary." Black on Judgments,

§ 153. "Courts of record retain full control over orders and judgments during the term at which they were made, and, in the exercise of a sound discretion, may revise or vacate the same." *Gaines* v. *Gaines*, 169 *Ga.* 432, 433 (150 S. E. 645), and cit.; *Berrien County Bank* v. *Alexander*, 154 *Ga.* 775, 778 (115 S. E. 648), and cit. Hence, when it was shown that in the judgment of set-off the equity court had not protected the rights of the court officers as to costs, it was its duty to modify, and it did modify, the judgment to the extent that the costs in the amount of $109.01 not be set off, and that the injunction theretofore granted be modified so that the judgment and execution in favor of Hopson against Hollomon could proceed against Hollomon for the amount of the court costs due the officers. See notes, 109 Am. St. R. 146, and cit.

But it is urged that the officers were not parties to the judgment of set-off, and could not thereafter intervene. "The right to set off one judgment against another is exercised not only by courts of law, but by courts of equity. Since the allowance of the set-off even at law is based on equitable principles, a court of equity, in the exercise of its jurisdiction, will see that the allowance of the relief does not run counter to any established principles of law or equity." 15 R. C. L. 821, § 289. The officers, having alleged their interest in the judgment of Hopson *v.* Hollomon, established their right to be heard by a court of equity; and the court, finding their claim to be true, had the right and duty to correct the error in its judgment of set-off. In *Pine Mountain Mica & Asbestos Co.* v. *Tarver*, 134 *Ga.* 5 (67 S. E. 428), a party who was sheriff at the commencement of certain litigation arising out of attachment, and who was subsequently and during its pendency appointed receiver for the property therein involved, filed a claim for the use of named persons against the defendant in the litigation. A compromise judgment had been taken without reference to sums due the usees as caretakers of the property under the instruction of the sheriff as receiver. He sought to have the judgment previously rendered against the defendant reopened, so as to render him liable for designated amounts for the specified services of the caretakers while the property was under levy by the petitioner as sheriff and subsequently during his custody of it as receiver. It was held that the petition was not subject to general demurrer on the ground that no cause of action was set forth and no reason given for reopening or setting

aside the verdict and judgment previously rendered, or that the petitioner was not a party to the cause in which the verdict and judgment were rendered and had no right to have the same reopened or set aside for the benefit of the usees. In the present case the officers were seeking enforcement of rights acquired prior to the judgment of set-off, and even before the first judgment was rendered in favor of Hopson against Hollomon, and they intervened during the term at which the judgment of set-off was rendered. It follows from all of the above that nothing less than payment before the application of set-off could extinguish the right of the officers to their costs; that the petition was not subject to general demurrer; and that the court did not err in modifying the judgment of set-off so as to exempt the amount due the officers as court costs, and in modifying the injunction so that the execution in the case of Hopson against Hollomon could issue for the collection of the costs amounting to $109.01 in their favor.

*Judgment affirmed. All the Justices concur.*