26676. AKERS LUMBER CO. *v.* JOHNSON LUMBER CO.

DECIDED FEBRUARY 11, 1938.

*Wheeler & Kenyon,* for plaintiff.
*J. B. Jones, Joseph H. Blackshear,* for defendant.

FELTON, J. The Akers Lumber Company sued the Johnson Lumber Company on an attachment bond. The Johnson Lumber Company sought to set off against this claim damages it alleged to have been caused by the breach of a contract by the Akers Lumber Company by the terms of which it was alleged the Akers Lumber Company agreed to finance the Johnson Lumber Company to the extent of enabling it to maintain 700,000 feet of lumber on its yards daily, and to advance $500 for the erection of a dry kiln at such a time as an edger and kiln were purchased by the Johnson Lumber Company and placed on their lumber yard. A verdict was directed in favor of the Akers Lumber Company for the amount proved to be due on the attachment bond, to wit: $648.29. The jury found damages on the plea of set-off in favor of the Johnson Lumber Company in the sum of $985.98, or a net verdict in favor of Johnson Lumber Company of $337.69.

1. The Akers Lumber Company contends that the verdict was without evidence to support it because there was no evidence that Johnson Lumber Company suffered any loss by reason of the fact that it was not advanced enough money to maintain 700,000 feet of lumber on its yards daily. While it is true that the jury were not given any definite figures from which it could be computed how many additional feet could have been handled during the

period of time in question, a member of the Johnson Lumber Company testified that his records showed it could have handled a million feet more if the contract had been complied with. This testimony was admitted in evidence without objection and while it is secondary evidence it would be sufficient to authorize a proper verdict. *Georgia Coast & Piedmont Railroad Co.* v. *Herringlon,* 14 *Ga. App.* 539 (81 S. E. 814). Even if this were not true, plaintiff in error concedes that a proper construction of the amount of the verdict conclusively excludes the fact that the jury found any sum as damages for loss of profits on additional lumber it is alleged could have been handled.

2. The contract provided that Akers Lumber Company should advance to Johnson Lumber Company $500 in cash with which to install a dry kiln and edger when they were received at Johnson Lumber Company's mill at Cleveland, Georgia. The evidence showed that the time for the installation was postponed by mutual consent. The evidence was conflicting on the question as to whether after the edger and kiln arrived at Cleveland the Akers Lumber Company were notified and had an opportunity to advance the money for their installation according to the contract, but the jury were authorized to find, as they did, that the notice and opportunity were given and that the advance was refused. The question to be decided is whether the jury were authorized to find that the loss incurred in buying the dry kiln and edger, and in not being able to install it, was such a damage as was in contemplation of the parties when that contract was made. We think the jury were authorized to so find. The jury were authorized to find from the evidence that the dry kiln, uninstalled, was valueless and a total loss; that the freight of $585.98 and the down payment of $400, which was lost in a trade in which the contract of purchase was rescinded, constituted the loss which was reasonably in the minds of the parties, all experienced lumber men, when the contract was made. The case of *Jester* v. *Bainbridge State Bank,* 4 *Ga. App.* 469 (4) (61 S. E. 926), is cited as the authority for the proposition that such damages are not recoverable. That case is not in point because the losses there mentioned would have occurred if the contract had not been broken, whereas in this case they would not have occurred without a breach, because if the money had been advanced and the equipment had been installed

the properties would not have been valueless and a loss but on the contrary would have been useful apparata for profit.

3. The charge that the jury could find nominal damages if no actual damage was proved, if error, was harmless error, because the jury did not find nominal damages.

4. There is no merit in any of the other assignments of error. *Judgment affirmed. Stephens, P. J., and Sutton, J., concur.*