## 32065. TAYLOR *v.* ALLEN.

Decided September 15, 1948.

*Duke Davis,* for plaintiff in error.

*Allen & Walton,* contra.

Parker, J. A. J. Allen sued E. R. Taylor for $1125, the alleged value of certain cabbage and onion crops eaten and destroyed by cows, sheep, and goats of the defendant. The defendant answered by filing a general denial of liability. Upon the trial the jury found for the plaintiff the sum of $300. The defendant moved for a new trial on the general grounds and on four special grounds, one of which has been abandoned. His motion was overruled and he excepted.

█ The first special ground of the motion for new trial alleges error in an excerpt from the charge of the court on the question of damages. The court charged that, if the plaintiff was entitled to recover, "he would be entitled to recover a fair and reasonable compensation for the damage which he sustained by reason of the injuries, if any, inflicted upon the crops, directly and approximately resulting from the conduct of the defendant, or the de-

fendant's stock, as alleged in the petition." This charge is attacked as being unsound as a principle of law applicable to the case, and that it gave to the jury a measure of damages different from the correct measure, and was so contradictory to a correct charge previously given as to be misleading and confusing to the jury. The defendant invokes the rule that the jury should not be left to decide between conflicts in the charge, and the further rule that an incorrect charge is error, unless it is withdrawn or retracted, even though the court charges correctly on the same subject in some other part of the charge. See *Strange v. Boatright*, 33 *Ga. App.* 108 (125 S. E. 721), and *Georgia Ry. & Power Co. v. Britt*, 31 *Ga. App.* 54 (119 S. E. 460). Many other cases could be cited in support of these rules, but under our conception of this case the rules of law relied on do not require a reversal on this ground. The court instructed the jury in two other parts of the charge that the damage sustained by the plaintiff, if any, would be the difference in the value of the crops at the time they were destroyed and their value immediately thereafter. These other charges stated the correct rule as to the measure of damages, and this is conceded by counsel for the defendant; and the charge excepted to merely enlarged upon and amplified the correct rule. The language, "fair and reasonable compensation for the damage which he [the plaintiff] sustained by reason of the injuries," means the fair and reasonable difference in the values of the crops before they were injured or destroyed and immediately thereafter. We think that the charge complained of merely supplemented and explained in more detail the proper charge which was given on the measure of damages, and that "it can with perfect safety and fairness be said that the jury were not misled to the injury of the complaining party." *Georgia Ry. & Power Co. v. Britt*, supra.

■ The second special ground complains of a sentence from the charge respecting nominal damages. Since the jury did not return a verdict for nominal damages, this charge was harmless. "The charge that the jury could find nominal damages if no actual damage was proved, if error, was harmless error, because the jury did not find nominal damages." *Akers Lumber Co. v. Johnson Lumber Co.*, 57 *Ga. App.* 317(3), 319 (195 S. E. 307).

■ The third special ground alleges error in an excerpt from

the charge to the effect that the measure of damages was the actual damage to the crops at the time they were injured or destroyed, and at the place where the injury and destruction occurred, and not the market value at the time of maturity or during the marketing season. We see no error in this charge.

■ The defendant contends that the charges excepted to were essentially a charge on general damages, and that, where there is no prayer for general damages, a charge on that subject is error. See *Southern Ry. Co.* v. *Black, 57 Ga. App.* 592(6) (196 S. E. 291). The trouble with this contention is that it is made for the first time in the brief of the defendant, and there is no assignment of error in the motion for new trial excepting to the charge as being on general damages without a prayer for such damages. This court cannot consider an alleged error not presented by a proper assignment of error. *Edenfield* v. *State,* 26 *Ga. App.* 206(4a) (105 S. E. 732); *Pine Mountain Mica &c. Co.* v. *Carver,* 134 *Ga.* 5(4) (67 S. E. 428).

■ The defendant states in his brief that there was evidence that the defendant's livestock ran at large on the plaintiff's land, and destroyed growing crops of cabbage and onions and damaged the plaintiff in the sum of $750. The verdict for the plaintiff was for $300. It thus being admitted that the verdict was supported by the evidence, the court did not err in overruling the motion on the general grounds.

*Judgment affirmed. Sutton, C. J., and Felton, J., concur.*