35543. KENNEDY v. HOWELL.

TOWNSEND, J. 1. Fulton County being one of the few remaining counties in Georgia in which the provisions of the "no-fence" law contained in Chapter 68 of our Code have not been adopted, the owner of an animal

which enters and damages uninclosed property of another is, under the provisions of Code § 62-801, not liable for the trespass.

2. However, city ordinances regulating the keeping of livestock within the corporate limits are enforceable as a valid exercise of the police power of the municipality. *Curtis* v. *Town of Helen,* 171 *Ga.* 256 (155 S. E. 202); *Hall* v. *Twin City,* 203 *Ga.* 52 (45 S. E. 2d 412). Accordingly, a petition for damages against the owner of a steer, which destroyed the plaintiff's property, may predicate liability against the defendant on an ordinance of the City of Atlanta providing as follows: "No person having custody or control or charge of any animal classed as livestock shall suffer such animal to run at large in any street or public place," where the violation of such ordinance is the proximate cause of the injury sustained.

3. A "public place" is variously defined in 70 C. J. S. pp. 1095, 1096, and cases there cited, as "a place open to the general public and available for use by the general public without limitation except such as may be required in the interest of safety and good order. However 'a public place' is not necessarily devoted solely to the uses of the public, and it is the actual use by the public, and not the legal right of the public to continue in the use, that makes a place public. . . As applied to an inclosure, room or building, a 'public place' must be considered as one wherein, by general invitation, members of the public attend for reasons of business, entertainment, instruction, or the like, and are welcome as long as they conform to what is customarily done there . . . a place where the public has a right to go and be . . . a place that is visited by many persons and usually accessible to the neighboring public." Accordingly, a nursery to which the public had a right of access for the purpose of inspecting and purchasing plants, and which was so used by the public, would be "a public place" within the meaning of this definition.

4. The petition here, however, both fails to allege that the "grounds of plaintiff," on which the defendant's steer "crushed, trampled, and destroyed growing plants which plaintiff was cultivating to be sold by him in his nursery business," were a public place as above defined, and also fails to allege that the defendant *suffered* or *permitted* his steer to run at large. Therefore it does not appear that the animal was on the plaintiff's premises through any fault of the defendant, or that the plaintiff's premises were such that the ordinance would apply thereto. For these reasons the court erred in overruling the general demurrer to the petition, and the special demurrer on the ground that the allegations concerning the city ordinance are irrelevant and immaterial.

5. The grounds of special demurrer attacking the bill of particulars, setting out an itemized statement of the plants destroyed and their reasonable market value, are without merit, as the allegations of the petition sufficiently show the value of the plants prior to the injury, and that they were completely destroyed thereby, and therefore rendered of no value. This would be the correct measure of damages. *Taylor* v. *Allen,* 77 *Ga. App.* 659 (49 S. E. 2d 544).

6. Where, as here, the petition alleged that the plaintiff "operates a nursery known as the Green Thumb, whereon he cultivates and sells live plants," and that the defendant's steer "on grounds of plaintiff, destroyed grow-

ing plants which plaintiff was cultivating to be sold by him in his nursery business," it is sufficiently alleged that the destroyed property was that of the plaintiff; and a demurrer on the ground that it is not alleged "whether the Green Thumb Nursery is a corporation, partnership, nor what relation the plaintiff had to the Green Thumb Nursery," is without merit.

The trial court erred in overruling the general and the special demurrer as pointed out in division 4 supra.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED FEBRUARY 18, 1955.

Frank Love, Jr., for plaintiff in error.

James L. Flemister, Marjorie C. Thurman, contra.