37020.  GEORGIA POWER COMPANY *v.* PHARR.

DECIDED FEBRUARY 24, 1958.

*Marvin D. Pierce, Jr., Erwin, Nix, Birchmore & Epting, Eugene A. Epting,* for plaintiff in error.

*Russell, Vandiver & Russell, Robert L. Russell,* contra.

QUILLIAN, Judge. ■ Special ground 1 of the motion for new trial complains of the following charge: "Now the plaintiff contends that the sole issue in this case is the amount of compensation to be awarded to the defendant as condemnee, this being an appeal by the condemnee from the award of the assessors. Now the defendant in this case contends that the taking of the strip of land damaged the condemnee in excess of seven thousand ($7,000) dollars and that they should be awarded by the court a sum in the amount of seven thousand ($7,000) dollars. That the condemnee received no benefit because of this line at all.

"These are not all of the contentions but you will have all of the pleadings in the jury room with you and you should read all of the pleadings to ascertain the various contentions of the parties. Now contentions are not evidence and will not authorize a verdict until supported by evidence. Allegations made in pleadings and admitted by the opposite party may be accepted as true." Counsel for the condemnor insists that the charge was error because the above contention was not shown by the pleadings. A special ground of a motion for new trial must be complete within itself and show the error complained of. *Price* v. *State,* 170 *Ga.* 294 (3) (152 S. E. 572). It is error for a trial judge to charge upon a contention which is neither supported by the evidence nor the pleadings. *Evans* v. *Kent,* 28 *Ga. App.* 172 (1) (110 S. E. 685); *Lane* v. *Varner,* 89 *Ga. App.* 47, 50 (78 S. E. 2d 528). For the above ground to be complete it was necessary that it also state that the contention was not supported by the evidence, and its failure to do so renders the ground incomplete, because had the contention been supported by evidence it would not have been error for the judge to charge thereon. Had the ground been properly presented it would have been reversible error because there was no evidence produced at the trial to the effect that the value of the easement and consequential damages amounted to $7,000. Special ground 1 being incomplete, it is without merit.

■ Special ground 2 excepts to the following charge: "The only

question to be determined by the jury is the amount to be awarded to condemnee as compensation for the right-of-way taken. This amount should be determined by you under the following rules: first, the measure of damages for the part of the land actually being taken for right-of-way purposes would be the difference between the market value of condemnee's whole tract of land before the right-of-way is taken and the market value of condmnee's whole tract of land just after the right-of-way is taken, whatever the difference may be you should award to the condemnee. Second, you should determine what consequential damages would result if any to the land of the condemnee not covered by the right-of-way by finding the difference between the market value of the land not taken before the right-of-way is taken and the improvements made and the market value of such remainder after the right-of-way is taken and the improvements made. If the market value of the land not covered by the right-of-way before the right-of-way is taken is equal to or less than the market value of such residue after the right-of-way is taken and the improvements made, then there can be no recovery for consequential damages, but if the market value of the land covered by the right-of-way is greater before the right-of-way is taken and the improvements made than it is after such taking and use then the difference should be recovered by the condemnee.

"In any event the condemnee is entitled to recover the actual value of the right-of-way taken, the amount of such award should be that amount which you find under the evidence to be sufficient to compensate condemnee for any pecuniary loss that he may sustain by reason of the taking of this right-of-way."

The above charge instructed the jury that the amount due for the property which was within the easement was the difference between the market value of the entire tract of land before and after the condemnation of the right-of-way. This was an improper instruction because compensation due for the property which is embraced within the easement is the difference between the market value before and after the condemnation, not of the whole tract, but only that portion within the right-of-way. The difference in the market value of the whole tract of land would

naturally embrace the consequential damages. The charge instructed the jury that they should determine by the rule given them the amount due for the actual easement taken and add to this the consequential damages, if any.

While it is true that the court instructed the jury as to the proper method of computing the compensation due the condemnee elsewhere in the charge, this did not cure the incorrect charge, because the judge failed either to call the jury's attention to the error or instruct them that the incorrect instruction was withdrawn. The jury should not be left to select between the conflicting charges. *Savannah Electric Co.* v. *McClelland,* 128 *Ga.* 87 (2) (57 S. E. 91); *Strange* v. *Boatright,* 33 *Ga. App.* 108 (125 S. E. 721); *Morris* v. *Warlick,* 118 *Ga.* 421 (45 S. E. 407); *Atlanta & Birmingham &c. Ry.* v. *McManus,* 1 *Ga. App.* 302 (5a) (58 S. E. 258); *Rowe* v. *Spencer,* 132 *Ga.* 426 (5) (64 S. E. 468); *Pelham Mfg. Co.* v. *Powell,* 6 *Ga. App.* 308, 309 (64 S.E. 1116).

The criticized charge does not fall into the category of instructions which appear to be harmful when considered by segments, but when viewed as a whole either show no error, or are harmless. The correct portion of the charge given and the erroneous part of the charge are in hopeless conflict, and by no process of reasoning is this court able to say the charge was either correct or harmless.

■ In special ground 3 of the amended motion for new trial error is assigned on the following instructions: "When you go out to the jury room to consider your verdict in this case you first determine the market value of the strip of land of the condemnee which has been condemned and taken by the condemnor for public uses and you then next determine whether condemnee has been damaged consequentially, that is, whether the market value of the other property adjacent to and adjoining this strip of land has been decreased or diminished in value by reason of the taking of the strip of land adjacent to their own property, if you determine that they have thus been damaged you will determine what that damage is and you would add that amount to the amount of damage you find is the market value of the strip taken and let your verdict be in one lump sum."

Counsel for the condemnor contends that the judge's reference to the easement as "a strip of land taken" was harmful because it led the jury to believe the condemnor was acquiring a fee-simple title rather than an easement over the property in question. Under authority of *Georgia Power Co.* v. *Carson,* 46 *Ga. App.* 612 (2) (167 S. E. 902) this ground is without merit.

■ The general grounds and special ground 5 complain that the verdict was excessive because there was no evidence that the value of the land condemned and the consequential damages amounted to $3,000. With this contention we cannot agree. Ralph Pharr, condemnee, testified that the difference in the market value of his property prior to and after condemnation of the right-of-way amounted to $4,500. S. S. Allen testified that in his opinion the market value of the property was decreased by approximately $5,000 as a result of condemning the easement. This evidence was sufficient to support the $3,000 verdict, and the general grounds and special ground 5 are without merit.

*Judgment reversed. Felton, C.J., and Nichols, J., concur.*