## 45056. JORDAN v. THE STATE.

BELL, Chief Judge. 1. On September 23, 1966, an accusation was filed against the defendant charging him with public indecency (*Code* § 26-6101). The original accusation alleged an act of exposure "while sitting in a parked car at the parking lot of K-Mart Discount Store, Division of the S. S. Kresge Company. . ." Defendant on August 10, 1967, filed a general demurrer on the grounds of a failure to allege that the offense was committed in a public place and a special demurrer based on the failure to set out the place where the alleged offense was committed. The court sustained the general demurrer as a special demurrer on August 11, 1967. The case came on for trial on the 18th day of March, 1969. At this time the defendant, insofar as the record shows, orally moved to quash the accusation. The matter was overruled. The gist of his argument at trial and before this court is that the accusation was amended by adding the term "a public place" on the date of trial (the fact of amendment on the date of trial was admitted by the district attorney); and that his demurrer to the alleged defect should have been originally sustained as a general demurrer with the effect of making the accusation a nullity, as a parking lot is not a public place within the purview of the law; and that as a consequence the amended accusation is a completely new one which is now barred by the two-year statute of limitation, as the date of the alleged crime was August 11, 1966. This position of the defendant is totally without merit. An oral motion to quash may only be made when the indictment or accusation is so defective that judgment upon it would be arrested. *Gilmore v. State*, 118 Ga. 299 (45 SE 226). The accusation in this case was good as against even a special demurrer, as the failure to precisely allege that the place of commission was a public place is immaterial. The accusation as originally drawn sufficiently alleges all the material elements of the offense of public indecency required under *Code* § 26-6101. The Supreme Court in *Lockhart v. State*, 116 Ga. 557, 558 (42 SE 787), when considering a like issue stated: "It is not absolutely essential that this place should be a public road or street, but it is at least necessary that it should be at a place that is for the time being open to a portion of the public, as distinguished from a private room or

dwelling which at the time is occupied by the inmates only. But no matter where the place, it is absolutely essential, not that more than one person should have actually seen the exposure, but that more than one person was in a position where it would have been possible for them to have seen it." The accusation under consideration alleged that the act was seen by two named persons as well as that it could have been seen by more than one person. A parking lot located at a discount store is clearly a place that is open to the public. *Griffin v. State,* 15 Ga. App. 552 (83 SE 871); *Kennedy v. Howell,* 91 Ga. App. 505, 506 (86 SE2d 359). In this connection see the discussion of this crime in *Morris v. State,* 109 Ga. 351, 353 (34 SE 577). As the accusation was not fatally defective in the first instance, there was no error in overruling the oral motion to quash.

2. The remaining enumerations of error go to the sufficiency of the evidence. The evidence authorizes the conviction and the trial court did not err in overruling the motion for new trial.

    *Judgment affirmed. Quillian and Whitman, JJ., concur.*

SUBMITTED JANUARY 6, 1970—DECIDED FEBRUARY 13, 1970—REHEARING DENIED MARCH 3, 1970—

*Aaron Kravitch,* for appellant.
*Andrew J. Ryan, Jr., Solicitor,* for appellee.