ANDERSON *v.* SAPP, and *vice versa.*

FISH, C. J. 1. The petition was to enjoin an impending trespass and to recover damages for acts already committed. The following verdict was returned: "We, the jury, find for plaintiff, and sixty-five dollars for timber cut." This was a finding by the jury that the plaintiff was entitled to the writ of injunction as prayed, and damages in the stated amount. All the special assignments of error in the main bill of -exceptions relate to the recovery of damages; and as the plaintiff wrote off from the verdict the amount so recovered, the verdict will not be disturbed, there being sufficient evidence to show the plaintiff's right to an injunction.

2. Where a successful litigant voluntarily writes off a part of his recovery, he can not complain of the action of the court in requiring him to reduce his verdict as a condition of refusing a new trial. *Crawford* v. *Roney*, 126 *Ga.* 763 (55 S. E. 499); *Hamer* v. *White*, 110 *Ga.* 300 (34 S. E. 1001).

3. The approval by the judge of a brief of evidence, under an order allowing him to do so at the hearing of a motion for a new trial, and making provision for its subsequent filing, is the equivalent of an entry of filing upon the brief by the clerk. *Mitchell* v. *Masury*, 132 *Ga.* 361 (64 S. E. 275); *Malsby* v. *Young*, 104 *Ga.* 205 (30 S. E. 854). *Judgment on main and cross bills affirmed. All the Justices concur.*

SEPTEMBER 30, 1910.

Equitable petition. Before Judge Rawlings. Toombs superior court. January 27, 1909.

*Isaiah Beasley* and *Hines & Jordan,* for Anderson.