20079. ELDERS, administrator, *v.* GRINER.

BROYLES, C. J. 1. "The approval by the judge of a brief of evidence, under an order allowing him to do so at the hearing of a motion for a new trial, and making provision for its subsequent filing, is the equivalent of an entry of filing upon the brief by the clerk." *Anderson* v. *Sapp*, 135 *Ga.* 204 (3) (69 S. E. 181), and cit. Under this ruling and the facts of the instant case, the motion to dismiss the brief of evidence, the amendment to the motion for a new trial, and the bill of exceptions is denied.

2. The first special ground of the motion for a new trial, complaining of the exclusion of the testimony of a certain witness, fails to show reversible error, since substantially the same testimony was given by other witnesses and admitted in evidence.

3. The court properly excluded the hearsay testimony set out in the remaining special ground of the motion.

4. "To constitute a valid gift, there must be the intention to give by the donor, acceptance by the donee, and a delivery of the article given, or some act accepted by the law in lieu thereof." Civil Code (1910), § 4144.

(*a*) Where the gift of a bank check is accepted, the failure of the donee to present it to the bank for payment before the death of the donor does not operate as a revocation of the gift. *Philpot* v. *Temple Banking Co.*, 3 *Ga. App.* 742 (2-*d*), 747 (60 S. E. 480). Especially is this true where the gift was not made by the donor in expectation of his death.

5. Under the above-stated rulings and the facts of the present case, the verdict in favor of the plaintiff was amply authorized by the evidence, and the refusal to grant a new trial was not error.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED DECEMBER 10, 1929.

*H. H. Elders, Eason & Evirett,* for plaintiff in error.
*W. T. Burkhalter,* contra.