30045.  HEAD *v.* GEORGIA POWER COMPANY.

DECIDED OCTOBER 8, 1943.

*G. Seals Aiken,* for plaintiff.  *MacDougald, Troutman & Arkwright, W. H. Schroder, Dudley Cook,* for defendant.

GARDNER, J.  Mrs. Ruby Irene Head brought suit against the Georgia Power Company for damages for personal injuries alleged to have been sustained by her.  The defendant filed special demurrers to two of the allegations of the petition, which were sustained, and to this judgment exceptions pendente lite were filed. The trial resulted in a verdict for the plaintiff for $150.  She filed a motion for a new trial, which was amended by adding 20 special grounds.  The motion was overruled, and the plaintiff excepted. Counsel for the plaintiff in error does not argue the errors assigned on the exceptions pendente lite, therefore they are considered as abandond and will not be discussed.  *Pelham Phosphate Co.* v. *Daniel,* 21 *Ga. App.* 547 (94 S. E. 846).

It appears from the evidence that at approximately 7 a. m. the plaintiff was driving to work in her automobile, coming down Ada Avenue to Brooke Avenue, in the City of Atlanta.  As she was in the act of crossing the car line to enter Hollywood Road, her automobile collided with the defendant's street car.  It struck the street car at the rear of the right front door.  The street on which the plaintiff was proceeding was approximately twenty feet wide, and her car was being driven in or near the middle of the street. When the collision occurred the street car had traversed practically the entire street.  The front portion of the automobile fender, the

bumper and a headlight were damaged. As a result of the impact the plaintiff received certain injuries. She lived in the immediate vicinity of the collision, and was familiar with the crossing, and familiar with the fact that the street car coming out from Atlanta would cross that street, and that there the trolley would be reversed to begin the return trip to downtown Atlanta.

The plaintiff in one part of her testimony said that she saw the street car approximately one hundred feet from the crossing, and in another part that she did not really see the street car until she was within ten to fifteen feet of it at the place where the collision occurred. At the time she saw the street car she could not tell positively whether it was moving or standing still. There was evidence to the effect that it had just made a trip from downtown Atlanta and had crossed the intersection of the street and the car line. The trolley was reversed and the street car driven to a point near Brooke Avenue for the purpose of making the return trip to downtown Atlanta. There was evidence that at the time, or about the time the street car was put in motion for the return trip, the motorman was not keeping a look-out in the direction from which the plaintiff was approaching the intersection; but that he was otherwise engaged and looking in another direction to see if any passengers were coming, or he was "changing, making change, or something." In this situation the street car began to move slowly at a speed of approximately three to five miles per hour. The collision occurred when the street car blocked the intersection. The testimony from both sides is that the front of the automobile struck the side of the street car several feet behind the front door. The plaintiff testified that no gong, or signal was given by the motorman, and that she was traveling five or six miles per hour. The motorman testified that the plaintiff approached the intersection at a speed of twenty-five miles per hour. Other than the motorman and the plaintiff, there was one eyewitness who was introduced by the defendant. This witness testified that he was standing nearby waiting for a car ride. He was a clerk in a downtown store. He stated that from his position he had a clear view of the plaintiff and her car and the street car; that while he was waiting he saw the street car stop, the motorman change the switch, and the street car start back. The witness turned around, heard an automobile coming down the hill, saw it come around the curve into Brooke

Avenue, and at that time heard the brakes released on the street car. He observed that the plaintiff was looking to her left from the direction of the street car; that when she came to within ten or fifteen feet of the street-car she straightened her vision and applied her brakes; and that she went straight into the side of the street car, striking it on the side at the rear of the front door. He later observed the skid marks of the plaintiff's automobile, and testified that from the appearance of the skid marks the brakes had not been applied until the plaintiff had reached a distance of about ten feet from the cartrack. This witness testified that the plaintiff was driving her car fifteen or twenty miles per hour and that the speed was not reduced from the time he first saw her approaching until the brakes were applied within eight to ten feet of the street car tracks, and that at that time the front end of the street car was completely across the street.

We have not attempted to set out the evidence in detail, but have set forth a sufficient amount of it for a proper determination of the case under the general grounds.

■ "The comparative-negligence rule" prevails in Georgia. In the evidence set forth above it is clear that the jury were authorized to find that both the plaintiff and the motorman were negligent. The jury were authorized to find that perhaps the plaintiff was slightly less negligent than the motorman, although under the evidence a contrary finding would have been sustainable. If the negligence of the plaintiff was equal to, or greater than the negligence of the defendant, the plaintiff would not be entitled to recover. Under the facts of the case the verdict for $150 is not so grossly inadequate as to demand a reversal. This court held in *Evans* v. *Central of Georgia Railway Co.*, 38 *Ga. App.* 146 (142 S. E. 909) : "In this suit for a personal injury, in which the plaintiff sought a recovery only for physical injury to his person and the incident pain and suffering, and where the jury were authorized to minimize his claim as to the character and extent of the injury and also to find that he failed to exercise proper care in its treatment for the purpose of reducing the damages, and where the evidence warranted the inference that his own negligence, if less than that of the defendant, was so only in the minutest degree, the verdict in his favor for but twelve cents will not be set aside by this court upon the ground of inadequacy." Compare also *Hunt* v. *Western*

& *Atlantic Railroad*, 49 *Ga. App.* 33 (174 S. E. 222). In *Flanders* v. *Meath*, 27 *Ga.* 358, 362, Judge Lumpkin, speaking for the court, said: "Suppose the jury, in this case, came to the conclusion that both parties were in fault, but the defendant *slightly* more so, so as to give the plaintiff a cause of action; in such case, but small damages would be awarded." Under the evidence in this case there appears to be no "gross mistake or undue bias" as stated in the Code, § 105-2015. Counsel for the plaintiff in error quoted and argued at length from the decision of *Slaughter* v. *Atlanta Coca-Cola Bottling Co.*, 48 *Ga. App.* 327 (172 S. E. 723). The ruling in that case is not applicable to the facts of the case at bar. At the outset the court stated: "The question of contributory or comparative negligence on the part of the plaintiff was not involved in this case." The cases cited from other jurisdictions are not in point. None of them involve the comparative-negligence rule, so far as we can ascertain.

This case was tried twice in the lower court. On the first trial a verdict for a much larger sum was rendered for the plaintiff. The trial court granted the defendant's motion for a new trial. The former verdict does not serve to indicate, under the facts before us, that the verdict now under review is grossly inadequate. The court did not err in denying the motion for a new trial for any error assigned on the general grounds.

■ Special ground 4: This court is without authority to consider a ground of a motion for a new trial which does not have the unqualified approval of the trial judge. Code, § 70-301; *Sims* v. *State*, 40 *Ga. App.* 10 (3) (148 S. E. 769); *Cronic* v. *State*, 40 *Ga. App.* 444 (150 S. E. 429). Many other decisions are to the same effect.

■ Special ground 5 assigns error because of the following occurrence during the course of the argument of counsel for the plaintiff: Counsel for the plaintiff: "The evidence shows in this case that the defendant by its negligence has severely impaired, and almost totally destroyed her sole means of support, consisting of the very small sum of $14.80 a week she was able to earn in her daily work before she was hurt." Counsel for the defendant: "If the court pleases, I object to [counsel for plaintiff in error] arguing and discussing the pecuniary condition or poverty of this plaintiff, for the reason that it constitutes an attempt to prejudice this

defendant and to create sympathy for the plaintiff in the eyes of the jury." The court: " . . . the pecuniary condition or poverty of the plaintiff has nothing to do with her rights in this case. She might have inherited a million dollars but that would have no bearing or relevancy on her right to recover in this case for personal injuries, loss of earnings, etc." It is contended that this occurrence was highly prejudicial to the plaintiff's case. When the incident is considered in the light of the whole record, and in view of the fact that the court made no rebuke of counsel and made no definite ruling, a reversal is not demanded because of such incident. The remark of the court amounts to nothing more than calling to the attention of the plaintiff's counsel that the pecuniary worth of either party would not be relevant. The court did not abuse its discretion, and did not commit reversible error for the reasons assigned in this ground. *Georgia Power Co.* v. *Puckett,* 181 *Ga.* 386 (182 S. E. 384).

■ Special ground 6: The plaintiff was asked the condition of her health prior to the injury. She answered: "My health was good and I worked all the time." This testimony was objected to by the defendant on the ground that it was "a conclusion and opinion without sufficient facts to support it." The court said: "Yes, she can tell the condition." It will be observed that the gist of the objection was that the witness had not given sufficient details of her condition on which to base the conclusion that her health was good. The court made no specific ruling on the admission of the testimony other than as set out above. Such ruling did not serve, under the facts of this case, to exclude such testimony from the consideration of the jury. Counsel thereafter, not only in questioning the plaintiff but in the examination of several other witnesses, went into detail regarding the previous condition of the health of the plaintiff and there does not appear any contradictory evidence whatsoever, from either side, as to the good health of the plaintiff prior to her alleged injuries. If the trial judge had definitely excluded the testimony from the consideration of the jury and this fact had not been established otherwise by uncontradicted evidence, we would be inclined to hold that the ruling was error, for under the Code, § 38-1708, the plaintiff was competent to testify as to the condition of her health, and we are inclined to the opinion that her statement that she worked all the time and

that her health was good was not a conclusion without sufficient facts to support it. If we should hold that the remark of the judge amounted to an exclusion of the testimony from the consideration of the jury, under the facts of this case, there is another applicable principle of law, which would prevent a reversal on this assignment of error. That principle is: Where material evidence is excluded, it is not reversible error if substantially the same testimony is given by other witnesses and admitted in evidence. *Elders* v. *Griner,* 40 *Ga. App.* 649 (2) (150 S. E. 857); *Camp* v. *State,* 41 *Ga. App.* 459 (153 S. E. 382). Particularly is this rule applicable in the instant case where there is no issue as to the good health of the plaintiff prior to the injuries for which she sought damages. This ground is without merit.

■ Ground 7 sets forth a colloquy between counsel for the parties and the court with reference to what had been testified. No definite ruling was made by the court or invoked by counsel for the plaintiff. Under the record we do not see that the incident was harmful to the plaintiff.

■ Ground 8 complains that while a witness for the defendant was on the stand on cross-examination counsel for the plaintiff propounded to her the following question: "Were you available for your deposition if an effort had been made to take that?" Answer: "I don't understand." Upon objection of the opposite party that the testimony was irrelevant the court remarked: "I don't think it is relevant to show the reason for not taking deposition." It is contended by the plaintiff in error that this ruling was adverse and prejudicial to her cause for the reason that since the witness did not testify in a former trial of the case either in person or by depositions, she was therefore by her appearance in the instant case prejudiced against the defendant. There is no evidence in the record on which to base this assignment of error. To the contrary, the witness had already testified that at the time of the former hearing she was confined to her home on account of childbirth and was unable to attend court. The testimony was irrelevant. The judge did not err in excluding it.

■ Grounds 9, 10, 11, and 12 complain of the refusal of the court to give in charge to the jury timely written requests by the plaintiff in error. We have carefully compared these requests with the entire charge and they are substantially covered by the general

charge, which is fair and full and deals with the issues in detail. We do not think it would be of any benefit to deal with each assignment of error in detail. Suffice it to say that a new trial will not be granted on refusal to give in charge a written request which is substantially covered by the charge as delivered. *Shoup* v. *Elliott*, 192 *Ga.* 858 (16 S. E. 2d, 857).

■ Special grounds 13, 14, 15, 16, 17, 18, and 19 assign error on various excerpts from the court's charge. These assignments of error are without merit. When we look to the charge as a whole we find that the rights of the plaintiff were fully protected by the charge as to every issue raised by the pleadings and the evidence.

■ Special ground 20 is but a reiteration of the contentions under the general grounds to the effect that the amount of the verdict is so grossly inadequate that the plaintiff has been deprived of her rights without equal protection of the law in violation of section 1 of the fourteenth amendment of the constitution of the United States, and under the provisions of the Constitution of the State of Georgia. The contentions of the plaintiff through her diligent and alert counsel in this ground are so widespread that it is difficult to deal with each of them in detail, but when we sift them all thoroughly, as we have earnestly endeavored to do, we find that the main and controlling question is whether the jury were authorized to find, and the trial court in his discretion empowered to approve, what counsel for the plaintiff in error terms the "little inadequate verdict of $150 determined by the jury." We have dealt with this question fully in the first division of the opinion, and what we have said there is also applicable to this special ground. Neither this court nor able counsel for the plaintiff in error are responsible for the rules of law as they exist, nor for the facts as reflected by the evidence in the case, which does not demand a larger amount. This is a situation which some may deplore, but can not remedy.

The court did not err in overruling the motion for new trial for any of the reasons assigned.

*Judgment affirmed.   Sutton and MacIntyre, JJ., concur.*