31788. CATO, administrator, v. CATER.

DECIDED DECEMBER 3, 1947. REHEARING DENIED DECEMBER 19, 1947.

*Norman I. Miller,* for plaintiff in error.

*Poole, Pearce & Hall, Margaret Hills,* contra.

GARDNER, J. ■ Under the general grounds, the evidence amply sustains the verdict. There are eight special grounds. The first six of these special grounds assign error on the admission and exclusion of testimony during the progress of the case. We will group such six in one major division.

■ ■ Special ground 1: While the wife of the plaintiff was testifying concerning her knowledge of the loans which the plaintiff contended he made to the intestate, she was asked, "Did she [meaning the intestate] tell you about any other loans?" The witness answered in effect that she (the intestate) was worried about her husband's death—about the paying of his insurance and about getting her Government insurance, and that the plaintiff stated to his stepmother, " 'If you have not got the money to pay the funeral expenses, I will pay them myself and I will lend you the money to pay them with.' And he did." The objections urged to this testimony were substantially that the question was leading and that it was prejudicial and hurtful to the movant. It is elementary that the trial court has a wide discretion in permitting leading questions. When we take the whole testimony on this phase of the case, granting but not conceding that the question was leading, in view of the whole evidence, it could not have been harmful to the defendant.

■ In special ground 2, while the same witness as above mentioned was on the stand, testifying with reference to the conversation between herself and the intestate concerning the loan, she stated that she (meaning the intestate), wanted her husband's funeral expenses paid. This evidence was objected to, first, on the ground that the witness had not theretofore testified to anything which would warrant such a statement, and that to allow the witness to testify as to what the intestate wanted could carry strong weight with the jury, which was prejudicial. The court overruled the objections. Even standing alone, we find no reversible error under this ground. Moreover, it appears from another portion of the same witness's testimony that substantially the same evidence was testified to and admitted without objection. If there was any error in overruling the objections— and we think there was not—it was cured by the answer for the defendant himself, by bringing out substantially the same evidence to which there was no objection. There are many decisions of this court to this effect, but we will cite only one of them. *Head* v. *Georgia Power Co.*, 70 *Ga. App.* 32 (4) (27 S. E. 2d, 339), reads as follows: "Exclusion of testimony did not show reversible error where substantially the same testimony was given by other witnesses and admitted in evidence. Particular-

ly is this true in the present case, where there was no issue as to the good health of the plaintiff before the alleged injury."

Error is assigned in special ground 3, that when the defendant was on the stand his counsel propounded to him the following question: "Q. As far as you know at this time as administrator of your sister's estate, does the estate owe H. C. Cater anything whatsoever?" "Answer: None, whatsoever." On motion the court excluded this statement. From the record of the whole evidence it clearly appears that the defendant did not claim to have any personal knowledge as to whether the transaction was a loan or a gift. Moreover, on cross-examination he gave his conclusion that the estate did not owe the plaintiff anything. The assignments of error on this ground afford no reason for reversal.

Special ground 4: While the defendant was on the stand testifying in his own behalf, he was asked concerning three type-written sheets of paper kept by the intestate during her lifetime. The question was: "Whether you have gone through these records and whether any place, anywhere, you found any entry whatsoever, other than that one you found there (indicating)?" The entry referred to was one for $105. There was considerable evidence as to this item, which the sheets of paper showed, the plaintiff contending that $100 of it was a loan which the plaintiff made to his stepmother, and $5 of it a gift for a purse the plaintiff had given his stepmother on or about Mother's Day. On motion, this question and the answer thereto were excluded on the ground that the three sheets of paper would speak for themselves. They were introduced in evidence. It is true that a witness may testify that certain entries do not appear on the records. This generally refers to public records which are not in court or admitted in evidence. Counsel for the defendant cites cases to sustain his contention, including *Jordan* v. *State*, 127 *Ga.* 278 (56 S. E. 422), and *Cary* v. *State*, 55 *Ga. App.* 167 (189 S. E. 625). Upon a reading of these cases in the light of the objections which are registered, they are not in conflict with the ruling we here make. Since the jury had these three sheets of paper out with them, they could have easily examined the entries thereon, and as we see it, there could have resulted no possible harm to the defendant's cause by refusing to permit him

to testify what those sheets of paper did not show. There is no contention that the document threw any light on the issue as to whether the $100 entry was a loan instead of a gift, and there is no testimony of the defendant indicating that the absence of any other entry concerning the amount sued for could have been prejudicial to him. The absence of such an entry might have been a circumstance for the jury to consider and the basis of argument for distinguished counsel for the defendant. We are quite sure that the jury were not left uninformed as to this contention of the defendant. There was no reversible error in this assignment.

■ Special ground 5: While the defendant was testifying in his own behalf, in answer to a question by counsel for the plaintiff on cross-examination, he stated: "When some of the Cater children [meaning the stepchildren of the intestate], who had always been friendly with her, came to the house, I did not let them know that they were not welcome there." Movant objected to this testimony on the ground that it was incompetent, immaterial, irrelevant, and prejudicial, and illustrated no issue. It would appear that since the defendant denied the implication, it was beneficial to him. However, in other portions of the record, witnesses for the plaintiff testified to the effect that about three days after the death of the intestate the defendant qualified as administrator, and that thereafter some of the stepchildren of the intestate were not permitted to go to the home of the intestate and were informed that they could take up any matter they wished with the lawyer of the administrator. This assignment is without merit.

■ Special ground 6: Error is assigned on this ground on the introduction, over objection, of a bill for $495 for the funeral expenses of the deceased husband of the intestate, which the intestate paid. The defendant himself, in presenting his testimony, introduced evidence as to these funeral expenses. This being true, this assignment is without merit.

■ The last two special grounds assign error on excerpts from the charge of the court.

■ The court charged: "Purely and simply, the question in this case, generally, is, was this a loan by the plaintiff to the deceased, Mrs. Hester Cato? If it was a loan, and if it has not

been repaid, then the plaintiff was entitled to recover. If it was not a loan, and if she does not owe him that, he can not recover." Then the court charged the form of verdict in the event that the plaintiff was entitled to recover. It is contended that the charge did not state the plaintiff's contentions in detail, in that it did not mention that the defendant contended that the $100 was a gift to Mrs. Cato and not a loan, and that the instruction presented the contentions of the plaintiff in much detail and completely ignored the defendant's contention. When we view the charge as a whole, the criticism against it is without merit.

Error is assigned on the following excerpt from the charge: "The defendant comes in and files an answer, denying all of the material allegations in the petition; but admits that he is administrator of this estate. He denies that any indebtedness is due to the plaintiff by the estate of Mrs. Hester F. Cato, deceased. The effect of this denial is to put the burden of proof on the plaintiff, the party bringing the suit, to show to you by a preponderance of the evidence that the allegations he makes are true." It is charged that this excerpt is error because it failed to charge on the substantial issues made by the defendant's pleading and evidence. When we look to the charge as a whole, the assignment of error on this excerpt has no merit. Elsewhere the judge charged that, if the transaction was not a loan and if she does not owe that, the plaintiff can not recover, and he charged the form of the verdict for the defendant. Elsewhere he charged that the administrator filed an answer denying all of the material allegations of the petition, and denied that he was indebted to the plaintiff in any sum whatsoever for any reason, and charged that the effect of that denial by the defendant put the burden of proof on the plaintiff. There was no request to charge on behalf of the defendant.

We think that the charge of the court was adjusted to all the issues made by the pleadings and the evidence and, when viewed as a whole, shows no reversible error.

The court did not err in overruling the motion for a new trial for any reason assigned as error.

*Judgment affirmed. MacIntyre, P. J., and Townsend, J., concur.*