36934.   ELLISON *v.* ROBINSON.

Decided January 21, 1958.

*Dudley B. Magruder, Jr., Wright, Rogers, Magruder & Hoyt,* for plaintiff in error.

*J. M. Grubbs, Jr., Parker, Clary, Kent & Grubbs,* contra.

QUILLIAN, Judge. ■ The defendant insists that the petition shows on its face that the plaintiff in driving 40 miles per hour in a considerable amount of fog did not exercise reasonable care for his own safety, and the trial judge erred in overruling the general demurrer. The defendant cites *Reid* v. *Southern Ry. Co.,* 52 *Ga. App.* 508 (183 S. E. 849) as authority for this contention. It will be noted in the above case that the petition alleged that the driver's vision was completely obscured. In the present case the petition alleged that there was a considerable amount of fog and the truck was emitting a lot of smoke, but it is not alleged that the plaintiff could not see the road in front of him. Under the ruling in *Bach* v. *Bragg Bros. & Blackwell, Inc.,* 53 *Ga. App.* 574 (186 S. E. 711), a case very similar to the present one, the petition set forth a cause of action and the judge did not err in overruling the general demurrer.

■ The general grounds of the motion for new trial insist that the evidence demanded a verdict for the defendant because: the plaintiff was driving 40 miles per hour through an area of fog; the diesel smoke was present which would indicate to the plaintiff the presence of another vehicle ahead; the plaintiff never saw the defendant's truck until the time of the collision.

The plaintiff testified in part that: on the day of the collision he was on his way to work; it got hazy and he slowed up and put his foot on the brakes; he was traveling at 50 miles per hour prior to running into the hazy area and as he entered it he slowed down to 40 miles per hour; the truck was either stopped or traveling at five miles per hour, he could not tell for sure; there were no tail lights shining when the automobile hit the rear of the truck; he did not see the truck until the time of the collision.

Paul Robinson testified in part that: he was a passenger in the automobile; there were no tail lights shining on the rear of

the truck at the time of the collision; the defendant was traveling at 40 miles per hour; there was no fog on the road.

Grady Teems testified in part that: he was riding in the automobile; they entered some smoke on the highway and the plaintiff slowed down and dimmed the lights; there were no tail lights shining at the time of the collision; the truck turned on its lights after the collision.

Robert Banks, the driver of the truck testified in part that: he had on the truck lights and he did not stop the truck in the road; to his knowledge no collision took place between the truck and the plaintiff's automobile.

The evidence was sufficient to present a jury question as to whether the defendant exercised reasonable diligence under the circumstances and did not demand a finding that the plaintiff was negligent in driving 40 miles per hour through the weather conditions that prevailed at the time of the collision. The trial judge did not err in overruling the general grounds of the motion for new trial.

■ Special ground 1 assigns error on the following charge: "Plaintiff further alleges that the cause of the accident was the negligence of the defendant, W. Roy Ellison, through his said agent, Robert Banks, Jr., in the following particulars, to wit: In driving said vehicle along the highways of Georgia with a greater weight per axle than is permitted by the laws of Georgia, the same being negligence per se."

The above quoted allegation of negligence had been stricken from the petition and no evidence was introduced as to this contention of the plaintiff. It was error for the judge to charge on a nonexisting contention of the plaintiff. *Evans* v. *Kent*, 28 *Ga. App.* 172 (1) (110 S. E. 685); *McCowen* v. *Aldred*, 85 *Ga. App.* 373, 376 (69 S. E. 2d 660); *Lane* v. *Varner*, 89 *Ga. App.* 47, 50 (78 S. E. 2d 528); *Tift* v. *Jones*, 77 *Ga.* 181 (7) (3 S. E. 399).

■ Special ground 2 insists the judge erred in giving the following charge: "I charge you further madam and gentlemen that it is contended by the plaintiff and again I do not intend to intimate what the evidence shows, that is for you to determine, that this motor vehicle did not have certain reflectors as required by law. You look to the evidence and determine whether it did or not. The law with reference to reflectors in

Georgia is as follows: 'Every new motor vehicle hereafter sold and operated upon a highway, other than a truck-tractor, shall carry on the rear either as a part of the tail lamps or separately two red reflectors, except that . . .', and this exception does not apply, it only applies to motor vehicles of another class or type, and the part that I read you is the only part of the law that applies in this case. It is for you to determine whether, as contended by the plaintiff, this defendant did have reflectors as required by law and whether he is required under the law to have such reflectors."

While the petition alleged that the truck did not have proper rear lights, there is no allegation that it was not equipped with reflectors as required by law and no evidence was introduced to the effect that the truck did not have the required reflectors. The above issue being supported neither by the pleadings nor by the evidence, it was error for the judge to instruct the jury as to this issue and the law applicable thereto. *Investors Syndicate* v. *Thompson,* 172 *Ga.* 203 (2b) (158 S. E. 20); *Brock* v. *State of Georgia,* 22 *Ga.* 98; *City of Atlanta* v. *Blackman Health Resort,* 153 *Ga.* 499 (113 S. E. 545); *Southern Flour & Grain Co.* v. *Pillsbury Flour Mills Co.,* 29 *Ga. App.* 671 (116 S. E. 910).

■ Special ground 3 assigns error on the judge's failure to charge the law applicable to Code (Ann.) § 68-1641 which provides in part: "(a) The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway. . . (c) Motor vehicles being driven upon any roadway outside of a business or residence district in a caravan or motorcade whether or not towing other vehicles shall be so operated as to allow sufficient space between other vehicle or combination of vehicles so as to enable any other vehicle to enter and occupy such space without danger. This provision shall not apply to funeral processions."

In the present case there was no testimony that the plaintiff was following closely behind the truck. The plaintiff testified that he did not see the truck until the time of the collision, and the driver of the truck did not testify that the plaintiff was following the truck closely. The defendant contends that the presence of smoke in the air should have put the plaintiff on

notice that he was following closely behind a truck. With this contention we cannot agree, because the driver would not know at what rate of speed the truck, which emitted the smoke, was traveling or even in what direction the truck was traveling. There being no evidence authorizing the above charge, the trial judge did not err in failing to instruct the jury as to this issue. *Sikes* v. *Sikes*, 153 *Ga.* 725 (2) (113 S. E. 416, 24 A. L. R. 1324) ; *Central Ga. Power Co.* v. *Cornwell*, 139 *Ga.* 1 (2) (76 S. E. 387, Ann. Cas. 1914A 880) ; *Wylly* v. *Gazan*, 69 *Ga.* 506 (3) ; *Gorman* v. *Campbell*, 14 *Ga.* 137, 142.

■ Ground 4 complains: "Because the court erred in failing to charge the jury that the plaintiff was under a duty to keep a proper lookout ahead so as to enable him to avoid striking the rear of the defendant's vehicle."

The court did not err in omitting the charge because to give it would have been error. The effect of a charge couched in the language that the defendant contends the court should have charged, would have instructed the jury that the plaintiff by keeping a proper lookout ahead would have been able to avoid the alleged negligence of the defendant in stopping his vehicle on the highway without warning and would have been tantamount to a direction of a verdict on that vital issue, though the evidence authorized its submission to the jury. A correct charge on the plaintiff's duty to keep a lookout ahead would have been proper and appropriate.

■ In special ground 5 the defendant complains that the judge refused to allow him to examine a private memorandum which a witness for the plaintiff had used to refresh his memory. Under authority of *Adams* v. *State*, 34 *Ga. App.* 144 (1) (128 S. E. 924) this ground is without merit.

*Judgment reversed. Felton, C. J., and Nichols, J., concur.*