## 51682. CHANDLER et al. v. OWEN et al.

CLARK, Judge.

This appeal is from the denial of a motion for new trial in a case in which Maude Walker Graham obtained a verdict against the executors of the estate of Laura R. Franklin on a quantum meruit claim for personal services she had rendered the decedent during the last four years of her life. The executors have filed a brief in support of the trial court's judgment. This appeal is by relatives of the deceased as intervenors having an interest under the will of Laura R. Franklin. We will deal seriatim with their five enumerations of error.

1. The first assignment of error attacks the trial court's ruling which excluded the testimony of an appraiser witness as to the value of a residence which Maude Walker Graham occupied under a life estate granted her by the will of Rollo Franklin, the husband of Laura R. Franklin, he having died in 1957. Since this expert witness admittedly was unable to state the fair market value of the life estate there was no error in the trial court's ruling.

2. The second enumeration complains of the failure by the court to instruct the jury that in considering the reasonable value of the services which plaintiff performed, deduction should be made for certain benefits which Mrs. Graham had received, namely the value of her room and board at the Franklin residence as well as wages of $10 per week. On the basis of the evidence we find no error. It appears that the claimant's entitlement to remuneration for her services was in addition to her room and board and nominal wages.

3. The next enumeration contends error in the denial of the motion for directed verdict on the ground that there was a failure to present evidence sufficient to establish the reasonable value of the services rendered. There was competent evidence presented as to the services performed and their value. See generally the standard for computing personal services stated in *Meador v. Patterson*, 25 Ga. App. 267 (103 SE 95). The applicable principle is contained in *Crankshaw v. Stanley Homes, Inc.*, 131 Ga. App. 840, 843 (207 SE2d 241) thusly:

"Though there should not be reliance upon speculation and conjecture and the proof should be made with all possible specificity, it has been held in countless cases that reasonable certainty is all that is required. . . Of course the verdict or judgment may not be based upon speculation or conjecture, and thus the evidence must be such as to afford a fair basis for calculating the damages. [Cits.]" The proof here measured up to the required standard. The matter properly was submitted to the jury.

4. The remaining two enumerations contend that the trial court committed error in failing to charge the jury with reference to the creation of a confidential relationship and a presumption of undue influence. Testimony in this case was presented only in behalf of the claimant whose evidence including her own did not warrant submitting the requested charges. Neither the intervenors nor the executors introduced testimony. There being no evidence authorizing such instruction to the jury, the trial judge did not err in failing to charge as requested on these issues. See *Ellison v. Robinson,* 96 Ga. App. 882, 887 (5) (101 SE2d 902) and cits.

*Judgment affirmed. Bell, C. J., and Stolz, J., concur.*

SUBMITTED JANUARY 13, 1976 — DECIDED FEBRUARY 6, 1976.

*McClure, Ramsay, Struble & Dickerson, John A. Dickerson, Allan R. Ramsay,* for appellants.

*Gross, Stowe & Shepherd, Millard B. Shepherd, Jr., Martin W. Welch,* for appellees.