## 56219. JONES v. THE STATE.

BIRDSONG, Judge.

The appellant Jones was convicted of theft by taking and sentenced to serve 10 years. He enumerates 13 alleged errors. *Held:*

1. The first four enumerations deal with the sufficiency of the evidence. The evidence shows that a particularly described chain saw was unlawfully taken from its permanent mounting. Tire tracks matching those made by the tires on appellant's truck were found at the scene. Appellant's truck showed scratch marks indicating something heavy had been placed in and removed from his truck. There were drag marks in the ground leading from where appellant's truck had been parked to the porch of his house. Sawdust was found in the back of appellant's truck. Following appellant's arrest, the identical chain saw taken was found in the bathroom of appellant's house. Though circumstantial, such evidence was sufficient to point to a taking by appellant. This circumstantial and corroborative evidence is further supported by a pre-trial statement made by appellant that

he removed the saw from its mounting during the dark hours of early morning. There is no merit to arguments in support of these four enumerations advancing the general grounds of insufficiency of the evidence.

2. In Enumeration No. 5, appellant argues that there is no credible evidence of value. Contrary to his assertion, one of the owners of the chain saw testified that he had been a carpenter for 11 years and used the saw in his business. He used the saw almost every day. Based upon his experience as a working carpenter, he opined that a chain saw of the type and kind stolen had a market value of approximately $500. Appellant cites *Hoard v. Wiley,* 113 Ga. App. 328 (1) (147 SE2d 782) as authority to deny probative worth to the testimony of the owner pertaining to value. That very case however, undermines appellant's contention wherein it, in effect, holds that opinion testimony as to value is admissible where the reasons for the opinion are expressed or there is testimony that the witness had the opportunity to form a valid opinion. The testimony in this case minimally meets that standard. This holding is relevant to Enumerations of error 10, 11, and 12. In Enumerations 10 and 11, appellant complains that the trial court erred in not singling out the issue of value in its charge and in 12, that the trial court erred in sentencing as for a felony. However, value is not an element of the crime of theft by taking, which simply proscribes the unlawful appropriation of *any property* of another with the intention of depriving him of his property. Value is relevant only to the question of whether the taking is a felony or a misdemeanor. *Stancell v. State,* 146 Ga. App. 773. Only if there is a factual issue as to whether the value is more than $100, does the jury need to establish value to assist the trial court in determining an appropriate sentence. Ga. L. 1968, pp. 1249, 1295; 1972, pp. 841, 842 (Code Ann. § 26-1812 (a)). In this case, the only probative evidence offered as to value was that the saw was worth $500; this evidence was not disputed. We have held that this evidence was properly admitted. There being no factual issue as to value, the trial court did not err in failing to charge on the issue of value nor in sentencing appellant for a felony conviction. See *Chandler v. Owen,*

137 Ga. App. 518, 519 (224 SE2d 497); *Ellison v. Robinson,* 96 Ga. App. 882, 887 (5) (101 SE2d 902).

3. In Enumeration 6, appellant complains that the trial court erred in failing to direct a verdict because of an alleged fatal variance between the allegata and the probata. It was alleged that a Sears Model 1090 12-inch radial arm saw, with a serial number, was taken. The proof showed that a "Dewall swing arm saw" was taken and recovered. However, the allegations and proof were consistent in showing that an arm saw was taken by appellant from the possession of the owner, the same saw was returned to the owner, and that the saw was purchased from Sears. The alleged inaccuracies do not constitute a "fatal variance." See *Caldwell v. State,* 139 Ga. App. 279 (228 SE2d 219) and cits. This enumeration lacks merit.

4. Enumeration of error 7 argues that the trial court erred in failing to make a definitive ruling on a motion to suppress evidence of a search of appellant's house which led to the recovery of the saw, or in the absence of such a ruling, in failing to submit the issue to the jury for its resolution. In the first place, an oral motion to suppress is procedurally defective and a denial thereof is authorized. *Singleton v. State,* 138 Ga. App. 706 (227 SE2d 472). Secondly, credibility, weight, and resolution of conflicts and inconsistencies in the evidence are matters for the trial judge on a motion to suppress. *Goins v. State,* 139 Ga. App. 6 (228 SE2d 13); *State v. Smith,* 134 Ga. App. 602 (215 SE2d 345). We conclude that the trial court correctly admitted the evidence produced by the seizure (based on consent) and therefore did not submit the issue to the jury, notwithstanding an earlier indication by the court that the issue would be submitted to the jury. Error, if any, in the statement of the court was harmless.

5. Enumerations 8 and 9 concern themselves with the court's charge on confessions and credibility, respectively. The trial court gave a full and correct charge on each of these issues. Appellant did not request amplifying instructions or offer an objection to the charge as given. In the absence of a timely written request, a charge as given, which is in accordance with pertinent statutory language, will constitute a sufficient charge.

*Bass v. State,* 237 Ga. 710, 711 (229 SE2d 448); *Whigham v. State,* 131 Ga. App. 261, 263 (205 SE2d 467). These enumerations likewise are without merit.

6. Enumeration of error 13 alleges that it was error to deny a motion for new trial. For the reasons stated hereinabove, this enumeration lacks merit.

*Judgment affirmed. Bell, C. J., and Shulman, J., concur.*

ARGUED JUNE 27, 1978 — DECIDED SEPTEMBER 11, 1978 — REHEARING DENIED OCTOBER 30, 1978.

*Frank G. Wilson,* for appellant.

*Beverly B. Hayes, District Attorney,* for appellee.