57753. POPE et al. v. FIRESTONE TIRE & RUBBER COMPANY et al.

Birdsong, Judge.

Products liability. The appellants, Mr. and Mrs. Pope and two of their children brought suit against the appellee

Firestone Tire & Rubber Co. and one of its subsidiaries, Atlas Supply Co., for injuries suffered by the Popes in an auto accident allegedly caused by the failure of a tire manufactured by appellees. Following trial by jury, the jury returned a verdict for the defendants which was made the judgment of the court. The Popes bring this appeal, enumerating five alleged errors. *Held:*

1. The first enumeration deals with the refusal by the trial court to allow testimony in rebuttal offered by an expert called by the Popes. The trial court questioned the admissibility of the evidence to be offered by the expert, but allowed the evidence to be tendered outside the presence of the jury in order to aid the court in its ruling. The appellees had objected to the testimony on the grounds that at the pretrial proceedings each party had indicated the expert witnesses they intended to call and the name of this witness had not been tendered to the court as an expert to be called. Appellees urged the trial court to exclude the testimony as being in violation of the understanding of the parties that all witnesses had been disclosed, and that because of the belated disclosure of this witness, appellees had not been able to take a deposition of the witness or otherwise inquire into the witness' testimony. The trial court heard the witness in camera and thereafter concluded that the evidence to be offered by the witness was cumulative evidence already before the jury through the testimony of another expert witness called by the Popes.

It is the duty of the trial court to control the trial of the case and to insure a fair trial to *both* sides on the disputed issues in the case. Sometimes this requires interference by the court with the conduct of counsel or with a witness in the trial. The trial judge has broad discretion in handling these matters, and we are loath to interfere with that discretion unless it is manifestly abused by clearly demonstrated prejudice or unfairness. While another trial judge may not have conducted the trial of this case in the same way as this trial judge did, we do not agree the trial court interfered so as to deprive the appellant of a fair trial. *Dyke v. State,* 232 Ga. 817, 825 (209 SE2d 166); *Mimbs v. State,* 139 Ga. App. 204, 206 (228 SE2d 193). There is ample evidence to support the

trial court in his judgment that there was no timely notice of the use of this witness as an expert, thus tending to deprive the opposing party of a fair trial should the witness be allowed to testify on such short notice. Moreover, the record supports the trial court's determination that the testimony of the witness was indeed cumulative evidence already before the jury. Inasmuch as the same testimony substantially was already before the jury, even assuming arguendo that the evidence should have been admitted, we decline to find prejudice. We will not interfere with the discretion of the trial judge. *Southern R. Co. v. Garner,* 101 Ga. App. 371, 372 (114 SE2d 211); *Elders v. Griner,* 40 Ga. App. 649 (2) (150 SE 857). There is no merit to this enumeration.

2. In their second and third enumerations, appellant urges that the trial court erred in failing to charge upon the request that appellee had a duty to warn the appellants of the limitations on the use of a product which might render its use unsafe. We disagree with the position advocated by appellants and agree with that taken by the trial court. The appellees clearly postulated throughout the trial that the most likely cause of the tire failure was overloading or under inflation of the tire. The body wall of the tire contained upon it the load limits of the tire and the recommended air pressure. While there was evidence that the vehicle was sold with 8-ply tires as original equipment and that the tire which failed was a 4-ply tire, we can find no evidence in the transcript nor has appellant called to our attention any evidence that appellees actually contended that the 4-ply tires were improper for the vehicle or that it was the size of the tires that caused the blowout. Nor was there evidence that the Popes were erroneously led to believe that a 4-ply tire was either safe or unsafe. To the contrary, appellant Pope admitted that he knew about the warning as to overloading the tires. The trial court did charge upon the principles of improper use but as it related to under-inflation or overloading.

A request to charge the jury must be legal, apt, and precisely adjusted to some principle involved in the case and raised by the evidence. *Seaboard C. L. R. Co. v.*

*Thomas,* 229 Ga. 301 (190 SE2d 898); *Reynolds v. Reynolds,* 217 Ga. 234, 269 (123 SE2d 115). There being no evidence authorizing such an instruction to the jury, the trial court did not err in failing to charge as requested on this issue. *Chandler v. Owen,* 137 Ga. App. 518, 519 (224 SE2d 497); *Ellison v. Robinson,* 96 Ga. App. 882, 887 (5) (101 SE2d 902).

3. In Enumeration of Error No. 4, appellants contend that the trial court improperly curtailed appellants' right and scope of cross examination. Firestone had called a witness and established that the 1975 model pickup truck involved in the accident had been a leased vehicle and when purchased by Mr. Pope had over 12,000 miles. The car had been serviced by the witness and still had the original equipment including a set of 8-ply tires. The witness could not establish whether the owner's manual had been given to Mr. Pope when he purchased the vehicle. Appellants then attempted to question the witness as to whether 1977, 1978, and 1979 models of the same style truck came equipped with 4-ply tires in an effort to show that the subsequent purchase by Mr. Pope of a set of 4-ply tires was not in disregard of the required specifications for the truck. Upon objection that the trucks from 1975 to subsequent years were not necessarily the same nor were the tires (whether 8- or 4-ply) the same from year to year, the trial court sustained the objection to this line of inquiry. The right of cross examination is not abridged where cross examination of a witness to irrelevant matters is not permitted. The trial court has a discretion to control the right of cross examination within reasonable grounds, and the exercise of this discretion will not be controlled unless abused. *Southwire Co. v. D. O. T.,* 147 Ga. App. 606, 609 (249 SE2d 650). We find no such abuse in this case. This enumeration lacks merit.

4. Enumeration of error 5 complains that the trial court erred in failing to require Firestone to produce the letter of intent to recall all its Firestone 500 steel radial tires together with supporting memoranda. Firestone resisted the motion for discovery on the grounds that the tire that failed or suffered the blowout was not a steel radial and thus that the requested information was not

relevant to any issues involving the 4-ply biased tire. Subsequently, at the beginning of the trial, an officer of Firestone testified that no such letter or supporting memoranda existed.

In the first place, we note that even if the trial court had desired to order discovery, the court cannot require production of that which does not exist. Moreover, even if some documentation existed in Firestone's files generally concerning improper production techniques but concerning a steel radial tire, we cannot fault the trial court for declining to order the production of such information. Historically, it has been the policy of the Georgia appellate courts to refuse to interfere with a trial court's exercise of its discretion in absence of abuse. This policy is applicable to a trial judge's exercise of the broad discretion granted to him under the discovery provisions of the Civil Practice Act. *Merrill Lynch &c. Inc. v. Echols,* 138 Ga. App. 593, 595 (226 SE2d 742); *Houston Gen. Ins. Co. v. Stein Steel &c. Co.,* 134 Ga. App. 624 (215 SE2d 511); *Williamson v. Lunsford,* 119 Ga. App. 240 (4) (166 SE2d 622). We find no merit in this enumeration.

5. In their last enumeration of error, appellants argue that the trial court erred in failing to charge the jury to disregard an improper question asked by defendant's counsel and to which the court had sustained an objection. The facts show that a question was asked in the presence of the jury. No answer was given before the objection was made nor was the question ever answered. At the insistence of the defense that the question was proper, the jury was excused and arguments held outside the presence of the jury. After the trial court sustained the objection, other extensive matters were pursued before the jury returned. When the jury returned, it was immediately excused for the night. The next morning, examination continued but the motion to caution the jury to disregard the question was not renewed.

We find no harmful error in the procedure followed by the court. The court agreed with appellants that the question was improper. Had counsel for appellants believed that the question standing alone (without an answer) was inherently prejudicial, he should have

renewed his request in the presence of the jury. Perhaps the reason the request was not renewed was because it is the law generally in this state that no harmful error occurs where no answer is given to an improper question. *Moseley v. Moseley,* 214 Ga. 137, 144 (103 SE2d 540); *Sapp v. Callaway,* 208 Ga. 805 (69 SE2d 734); *Brannan v. State,* 43 Ga. App. 231, 234 (158 SE 355). This enumeration also lacks merit.

*Judgment affirmed. Quillian, P. J., concurs. Smith, J., concurs in the judgment only.*

ARGUED MAY 9, 1979 — DECIDED JUNE 7, 1979 —
REHEARING DENIED JUNE 22, 1979 —

*O'Neal, Stone & Brown, H. T. O'Neal, Jr., Manley F. Brown, Cowart, Varner & Harrington, Edwin S. Varner, Jr.,* for appellants.

*Martin, Snow, Grant - & Napier, Charles M. Stapleton, John C. Edwards,* for appellees.