### 63198. COOPER v. THE STATE.

BIRDSONG, Judge.

Simple Battery. Arnold Cooper was convicted of simple battery upon his sister and sentenced to twelve months probation plus a fine and medical costs restitution. He brings this appeal enumerating two errors. *Held:*

1. In his first enumeration, Cooper argues the trial court erred in refusing a motion for a change of venue. Cooper testified that he believed the people of the county were biased against him personally because of the number of his marriages (5), that his father had been mayor and made enemies, that as a businessman he had antagonized people by taking out warrants for bad checks and because he had fired a lot of people over the years. Appellant made no showing by evidence or otherwise during any voir dire appearing of record that a jury could not be selected that would afford him a fair and unbiased hearing, nor did he make any showing that any particular juror harbored bias toward him. At best he showed only a potential which apparently existed within his own mind.

The law in Georgia is well established, and a myriad of cases so hold, that a motion for change of venue addresses itself to the sound discretion of the trial judge, and that discretion will not be disturbed on appeal unless it can be shown that there was an abuse of this discretion. *Dobbs v. State,* 236 Ga. 427, 430 (224 SE2d 3); *Allen v. State,* 235 Ga. 709, 712 (221 SE2d 405). Under the facts presented to the trial court, there was no abuse of discretion in this case.

2. In his second enumeration of error, appellant contends the trial court erred in failing sua sponte to charge on the theory of accident. While he postulates that his principal defense was accident, the transcript simply does not bear out that contention. Appellant's sister testified that in a heated argument, the appellant struck her and threw her out of the kitchen in her mother's house and threw a chair at her. Appellant offered diametrically opposed evidence in which he testified that a dispute commenced between his sister and himself, that she struck him with an umbrella, tackled or somehow threw him to the floor and then struck him in the back with a chair. All his actions were designed to protect himself. He denied ever striking her or otherwise injuring her unless it occurred while defending himself. The trial court fully charged on credibility of witnesses, the charged offense and self-defense. Appellant neither requested a charge on accident, nor do we conceive such a defense being raised by the evidence. Where there is not even slight evidence giving rise to a particular defense, the trial court properly refuses to give such a charge. *Gillespie v. State,* 236 Ga. 845, 847 (225 SE2d 296). See *Lavender v. State,* 234 Ga. 608 (216 SE2d 855); *Loar v. State,* 142 Ga. App. 875 (1) (237 SE2d 237); *Chandler v. Owen,* 137 Ga. App. 518, 519 (224 SE2d 497). The refusal to charge on this issue was not error.

*Judgment affirmed. McMurray, P. J. and Banke, J., concur.*

DECIDED MARCH 10, 1982.

*Robert I. Donovan, Richard L. Moore,* for appellant.
*Williams A. Foster III, District Attorney, Frank C. Winn, Assistant District Attorney,* for appellee.