72030. STERLING v. THE STATE.
(344 SE2d 766)

SOGNIER, Judge.

Appellant was convicted of theft by taking and appeals.

1. Appellant contends the trial court erred by denying his motion for a directed verdict of acquittal because the State failed to show that the complainant, Harold Ragan, owned the boat that was stolen and failed to establish the market value of the boat, or that the boat was of some value.

The evidence disclosed that Susan Ragan was awakened by her young son about 3:30 or 4:00 a.m. After Mrs. Ragan took care of her son, she looked out the window of her trailer and saw appellant turn her husband's boat and trailer around and start pulling it off the

Ragan property. Mrs. Ragan awakened her husband, a police officer, and told him what was happening. Harold Ragan pulled on his trousers, got his police revolver and ran outside. He told appellant to halt, but appellant ran and Harold Ragan chased him about 150 or 200 yards, firing three warning shots in the air. Appellant jumped in a ditch and was apprehended by Harold Ragan, who held him until police arrived. Appellant was lying on top of a wrench which had been taken from Harold Ragan's boat. Both Susan and Harold Ragan testified that the boat belonged to Harold Ragan; Harold testified that the market value of the boat, trailer and motor was between $1,800 and $2,000 after taking depreciation into account. Appellant had no authority to take the property.

It is clear from such testimony that appellant's contentions are not supported by the transcript. However, appellant also argues that there was a fatal variance between the allegations and proof, because the State did not establish that the property alleged in the indictment was the same property allegedly stolen from Harold Ragan. This argument is not well taken. The indictment described the property taken as a 14-foot Bass Mate boat, a Skipper B boat trailer and a 40 h.p. Mercury boat motor, with the serial numbers for each item shown in the indictment. Appellant argues that because no evidence of serial numbers was presented, and Harold Ragan described the boat as a "Bomber Bass," there was a fatal variance between the allegations and the proof.

Although no evidence was presented as to serial numbers, Harold Ragan described his property as a 14-foot Bomber Bass boat with a '76 model forty horse Mercury motor, sitting on a trailer. While the lack of proof of serial numbers and calling the boat a Bomber Bass instead of a Bass Mate constituted a variance, a variance is not fatal unless it misinforms the defendant or leaves him open to subsequent prosecutions for the same offense. *Sessions v. State*, 143 Ga. App. 395 (1) (238 SE2d 762) (1977). Since appellant was caught in the act of stealing the boat, motor and trailer, he was not misinformed nor would he be subject to a subsequent prosecution for the same offense. Accordingly, there was no fatal variance. *Jones v. State*, 147 Ga. App. 779, 781 (3) (250 SE2d 500) (1978). We find the evidence sufficient to meet the standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560), and therefore, it was not error to deny appellant's motion for a directed verdict of acquittal. *Humphrey v. State*, 252 Ga. 525, 527 (1) (314 SE2d 436) (1984).

2. Appellant contends error in denial of his motion to reduce the charge from felony theft by taking to misdemeanor theft by taking because the State failed to prove that the value of the stolen property exceeded $500. This enumeration of error is without merit.

The testimony of value mentioned in Division 1 was without ob-

jection and was not disputed. Hence, it was not error to deny appellant's motion to reduce the charge to misdemeanor theft by taking. *Jones,* supra at 780 (2).

*Judgment affirmed. Banke, C. J., and Birdsong, P. J., concur.*

DECIDED APRIL 29, 1986.

*Judy A. Lancaster,* for appellant.

*Spencer Lawton, Jr., District Attorney, David T. Lock, John E. Morse, Jr., Assistant District Attorneys,* for appellee.